STATE of Missouri, Respondent,

v.

Eddie BRUNSON, Appellant.

No. KCD 28795.

Missouri Court of Appeals,
Kansas City District.

Aug. 8, 1977.

Motion for Rehearing and/or Transfer
Denied Aug. 29, 1977.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Bruce E. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

SWOFFORD, Presiding Judge.

The appellant (defendant) was tried under the Second Offender Act for the crimes of Burglary Second Degree and Stealing. The jury returned a verdict of guilty on both charges and the court sentenced him to five years on each of the two offenses, sentences to run consecutively.

Upon this appeal the defendant seeks reversal of this judgment upon a single

ground. He asserts that the trial court erred in overruling his objection and in allowing the introduction of objectionable evidence concerning the other unrelated burglaries near the scene of the crime; such evidence had no probative value, was evidence of another crime, and was unduly prejudicial.

The defendant does not challenge the sufficiency of the evidence but the vagueness of the statement of the single point relied on, as above quoted, requires at least a summary of the facts in the record to place the point in its proper context for decision.

On May 14, 1975, Robert Spielberger and his wife left their home at 1543 East 46th Street in Kansas City, Missouri at about 6:30 p. m. Their home was part of an apartment complex known as the Village Green and when they left that evening both the front and back doors were securely shut and locked. Upon their return at about 9:30 p. m., they found that a pane of glass had been broken in the back door, which was standing open; the window glass was shattered on the kitchen floor; stereo components from the dining room were placed by the back door; and, their portable Magnavox TV was missing. Mr. Spielberger called the police to report the burglary on a telephone from which he had a view of the parking area in back of his home. At this time, he saw a small brown automobile come into the parking area, reach the end thereof and back out.

Upon the arrival of the police officers it was discovered that a brown wood jewelry box was missing from an upstairs bedroom.

Officer Brown commenced a search of the neighborhood in the course of which he observed a man (the defendant) walking along a sidewalk in the complex a short distance from the Spielberger home; the man walked onto a common entrance porch of two apartments and the officer saw him throw something into the bushes next to the porch. When interrogated by the officer, the man refused to give his name but stated he was there to see a friend named George. After being joined by his fellow officer, Brown found a pair of men's gloves

in the bushes; the man was frisked or "patted down" for weapons, at which time some keys, including car keys, were found in his trouser pocket, and he was taken back to the Spielberger residence. Both the Spielbergers identified the gloves as belonging to Mr. Spielberger and the suspect was placed under arrest, given the Miranda warning and taken to the police station by other officers.

The investigating officers then commenced a search of the various parking lots in the complex for a small brown car. A 1971 brown Ford Pinto bearing Arkansas licenses was found in a parking lot on the west side of the complex; the car keys found on the defendant fitted this car and the officers found a portable Magnavox TV and a brown wood jewelry box in the trunk, which items were identified by the Spielbergers as their missing property.

As part of the state's case photographs of this car were identified by the officers, one of which, State's Exhibit No. 9, showed the TV and jewelry box in the trunk. The car was owned by a Charlene Ross. The defendant subsequently told the officers the car belonged to a friend of his and he used it often, but not for several days before the burglary. It was developed, however, that the defendant had been involved in an accident while driving this car at about 5:20 p. m. on May 14, 1975, in the near vicinity of the Village Green. For this accident the defendant had been taken to a district police station, booked on a traffic charge and released on bond.

The defendant did not testify in his own behalf but built his defense upon the testimony of his brother, Abelee Brunson, who was 14 years old at the time of the burglary. In substance, Abelee testified that he had committed the burglary of the Spielberger home alone and that the defendant knew nothing about it. While his testimony was at times vague and contradictory, he stated that he had been engaged in a basketball game with his brother and others a number of blocks from the Village Green in the late afternoon of May 14, 1975; that he had borrowed the Pinto car from his

brother to "go to the store" and left the defendant, still engaged in the basketball game; burglarized the Spielberger home; placed the TV and jewelry box in the car trunk; threw the gloves into some bushes; and, intended to return to the Spielbergers to get the stereo components which he had piled by the back door. He found, however, that the Pinto would not start. He went back to the basketball game, advised the defendant of the car trouble and left the keys with the defendant, who told him he knew the trouble and would fix it. Abelee stated that the defendant did not know that the TV and jewelry box were in the trunk. He stated that after the defendant's arrest, he tried to "turn himself in" to the police but they would not listen to him and, in fact, threatened him. He stated he also tried to contact the prosecuting attorney, without success.

The grounds for defendant's appeal arose during the cross-examination of Abelee Brunson by the prosecutor. He was shown State's Exhibit No. 9, theretofore identified by the police officers and admitted in evidence as part of the state's case as a photograph taken of the Ross Pinto on the evening of the burglary showing the TV and jewelry box in the car trunk. Abelee identified the TV shown in State's Exhibit No. 9 as the one he took from the Spielberger residence.

The prosecutor then handed the witness photographs, marked State's Exhibits No. 19 and No. 20 for identification, of a TV set in the trunk of a car and Abelee stated it looked "like the one I stole".

He was then handed a photograph, marked State's Exhibit No. 21 for identification, and Abelee was unable to identify the TV shown in that picture in the back seat of a car as the same as shown in Exhibits 19 and 20. He was thereupon again shown State's Exhibit No. 9 and concluded this phase of his testimony by stating that the TV in that exhibit (the Spielberger set) was not the same as shown in State's Exhibits 19, 20 and 21.

The defense counsel objected to this testimony as prejudicial in that it constituted

evidence of other unrelated crimes, and the court overruled the objection. In his brief, the appellant argues that the above cross-examination constituted improper evidence "of another, unrelated burglary in the neighborhood". The record fails to support that argument.

The ownership, identity or source of the TV sets shown in State's Exhibits 19, 20 and 21 does not appear nor does the description or identity of the automobile shown in such exhibits; the arresting officers testified that the items found in the Ross Pinto were the TV and jewelry box burglarized from the Spielbergers; no evidence was adduced of any other burglaries in the Village Green; and, the record contains not the slightest suggestion that would lead the jury to believe that the defendant was accused of, arrested for, or had committed any other burglaries than the one for which he stood charged.

State's Exhibits 19, 20 and 21 were never offered nor received in evidence and, of course, were not viewed by the jury.

■ There can be no argument that the introduction of evidence of unrelated crimes is generally improper and will call for reversal unless such evidence has some legitimate tendency to directly establish the guilt of the defendant of the crime for which he is on trial. *State v. Mitchell,* 491 S.W.2d 292, 295[1] (Mo. banc 1973); *State v. Lee,* 486 S.W.2d 412, 414–415[3] (Mo.1972).

■ It is clear that the circumstances of this case do not bring it within the prohibition of this rule. The cross-examination of Abelee Brunson with reference to the photographs as above summarized, was clearly an attempt on the part of the state to test *his* credibility in the area of his identification of the Spielberger TV which he asserted he had stolen and not an attempt to bring before the jury directly or indirectly evidence that the defendant had committed unrelated crimes. The scope of cross-examination upon matters affecting a witness' credibility rests largely within the discretion of the trial court, and appellate courts will not interfere unless a clear

abuse of that discretion is apparent. *State v. Mitchell,* supra, 491 S.W.2d l. c. 296[5] (Mo. banc 1973); *State v. Williams,* 492 S.W.2d 1, 4[2] (Mo.App.1973). Thus, within the trial court's discretion, a witness may be asked on cross-examination any question directed to test his recollection, accuracy, veracity or credibility, however irrelevant such examination may be to the basic issues, and he must answer so long as his answer affects his credibility and does not expose him to a criminal charge. *State v. Miller,* 485 S.W.2d 435, 441[9] (Mo.1972); *State v. Davis,* 284 Mo. 695, 225 S.W. 707, 709[5] (1920); *Chism v. Cowan,* 425 S.W.2d 942, 948[6] (Mo.1967).

Under the record in this case, the cross-examination of Abelee Brunson was properly permitted and did not constitute an abuse of discretion.

The judgment is affirmed.

All concur.