**STATE of Missouri, Plaintiff-Respondent,**

v.

**Jerry Don WALTMAN, Sr., Defendant-Appellant.**

**No. 10317.**

Missouri Court of Appeals, Springfield District.

Sept. 9, 1977.

John D. Ashcroft, Atty. Gen., Jefferson City, Preston Dean, Frank J. Murphy, Jefferson City, for plaintiff-respondent.

John L. Woodward, Steelville, J. D. Rohrer, Steelville, for defendant-appellant.

**PER CURIAM:**

This case was transferred to the court en banc upon the question of the propriety vel non of invoking the plain error rule. Rule 27.20(c), V.A.M.R. We adopt in toto the opinion written by Special Judge George Henry, as follows:

"Defendant was tried on December 29, 1975, in the Circuit Court of Crawford County, the information charging an act of incest (fornication) occurring on November 23, 1974, with (prosecutrix), the sixteen-year-old daughter of defendant. The jury found the defendant guilty of incest but failed to agree upon punishment. On January 28, 1976 (thirty days following the verdict) a motion for new trial was filed. On March 19, 1976, the motion for new trial was overruled and the defendant was sentenced by the court to the State Department of Corrections for a period of seven years. Rule 27.03, V.A.M.R. Defendant appealed.

"Defendant's brief relied on two points, the second being that the court erred in admitting the statement given by defendant. The requirements of Rule 27.-20(a) relating to the time for filing a motion for new trial have been held to be mandatory and a motion filed beyond the time is a nullity. *State v. Maddox*, 549 S.W.2d 931, 932 (Mo.App.1977). The record does not reflect that the defendant requested or was granted an extension of time. Defendant filed his motion for new trial thirty days after the verdict was returned and twenty days out of time. This point will not be reviewed.

"The remaining point raised in defendant's brief is that of plain error affecting substantial rights resulting in manifest injustice or miscarriage of justice. This issue, although not preserved by timely filing of a motion for new trial, may be reviewed under Rule 27.20(c), V.A.M.R.

"The evidence in chief was fairly well confined to testimony concerning sexual acts between the defendant and the prosecutrix or between the defendant, prosecutrix and her fifteen-year-old sister, prosecutrix usually having been also involved on each occasion when the 15-year-old was involved. Objectionable references, testified to without objection, came in questions or responses referring to sexual relations between defendant and 'children' or 'daughters' or 'the girls.' Cross-examination of the defendant included a long series of questions concerning an alleged rape of the 15-year-old by defendant some six to eight years prior to the act charged. Objection was finally made by defense counsel and sustained by the court. The court's ruling was then reversed when the prosecuting attorney stated he was laying groundwork for impeachment.

"On rebuttal by the state, the wife of the defendant testified under cross-examination to accusations of sexual acts unrelated to the act for which defendant was being tried. These accusations were: (1) the 15-year-old accused defendant of having sexual relations with her; (2) the 15-year-old accused defendant's father of having sexual relations with her; (3) another, younger, sister of prosecutrix accused defendant's brothers of having sexual relations with 'the children' (the Waltman sisters); (4) the youngest sister also accused defendant's brother of 'molesting' her; and the wife suggested that defendant was guilty of an act of sodomy with one of the couple's sons.

"Also on rebuttal, prosecutrix testified in detail both on direct questioning and cross-examination about the alleged rape of the 15-year-old by defendant. Defense counsel made one objection after some forty questions dealing with the rape of the 15-year-old.

"Defendant put on rebuttal followed by surrebuttal by the state in which the aforementioned son testified to several acts of sodomy upon him by the defendant; the youngest sister testified to having had intercourse with her grandfather about ten times and to having been molested by defendant's brother; the 15-year-old testified to having had sexual relations with defendant's father.

■ "This court in the case of *State v. McElroy*, 518 S.W.2d 459 (Mo.App.1975), reviewed at length cases involving the admission of testimony of crimes separate and distinct from the one charged. The conclusion reached in *McElroy* is determinative of the issue here. In *McElroy* this court reiterated the rule that 'proof of the commission of separate and distinct crimes generally is not admissible unless proof thereof has a legitimate tendency to establish the defendant's guilt of the particular charge for which he is on trial.' In that case, this court reviewed the exceptions which would permit evidence of other offenses to prove the specific crime charged. The only exception remotely applicable in this case would have been for the purpose of showing 'a common plan or scheme embracing the commission of two or more crimes so related one to another that proof of one tends to establish the other.'

■ "The effect of testimony of separate and distinct acts by the defendant, the defendant's father and the defendant's brother with persons other than the prosecutrix, could only have added to the prejudices naturally created by the sordid evidence properly received. Such evidence was highly prejudicial and constituted reversible error for which the judgment is reversed and the cause remanded."

All concur.