STATE of Missouri, Respondent,

v.

Mark S. MOORE, Appellant.

No. 39180.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 17, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court May 18, 1979.

Karl F. Lang, St. Louis, for appellant.

Paul Robert Otto, Brenda Farr Engel, Kristie Green, Asst. Attys. Gen., John D. Ashcroft, Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Edward Rogers, St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant was convicted by jury of 2nd degree murder and sentenced to life imprisonment by the court under the Second Offender Act. He appeals his conviction. We affirm.

Because defendant does not challenge the sufficiency of the evidence, any discussion of the facts will be limited to those which bear directly on the issue of this appeal.

Defendant was charged with the shotgun slaying of a man engaged in the operation of a confectionary in the 4000 block of Delmar, City of St. Louis. At trial, defendant proffered an alibi defense. Defendant claimed that at the time of the killing, he was in the company of friends, in Decatur, Illinois. The offense occurred on December 23, 1975.

In an attempt to establish the alibi, defense counsel called Donald Newman as a witness. Mr. Newman testified to having known defendant for fifteen years and that he had, indeed, accompanied defendant on the trip to Decatur. He testified that he was with the defendant in Decatur at the time of the murder.

It is the cross-examination of Newman that forms the basis of this appeal. On cross-examination, the prosecuting attorney asked Newman whether he considered himself a friend of defendant. Newman responded that he did so consider himself. He was then asked whether he had ever experienced any "problems" with the defendant. The answer was in the affirmative. In response to the Prosecuting Attorney's questions Newman acknowledged that both he and defendant had each other arrested. Newman testified that defendant had him arrested on November 25, for robbing him. He had defendant arrested for shooting at him with a shotgun on Novem-

ber 29, 1975. He further stated that he had reported to police on December 10, 1975 that defendant had tried to kill him with a pistol. According to Newman all charges were dropped.

On appeal defendant contends that this constituted evidence of other crimes unrelated to the one charged and that the court erred in the admission of this evidence. Defendant admits that he failed to object to this evidence, nor did he raise this in his motion for new trial. However, he asks this court to consider such testimony as "plain error" under Rule 27.20(c).

It is a well established rule that proof of the commission of separate and distinct crimes is not admissible unless such proof has some legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial or comes within one of several exceptions to show motive, intent, absence of mistake or accident, a common plan, or identity. State v. Hobert, 416 S.W.2d 129[2–6] (Mo.1967); State v. Waltman, 556 S.W.2d 79[3] (Mo. App.1977); State v. Granberry, 530 S.W.2d 714[6, 7] (Mo.App.1975); State v. McElroy, 518 S.W.2d 459[1] (Mo.App.1975). However, this case involved the factual issue of defendant's presence at the time and place the crime occurred. Mr. Newman's testimony bore directly on that issue. The prosecuting attorney may ask questions in such a manner as to impeach the credibility of a defendant's alibi witness and thereby refute the defense of alibi. State v. Brunson, 555 S.W.2d 359[2–5] (Mo.App.1977).

In the present instance, prosecuting attorney's questions and the witness' responses disclosed the unlikelihood that defendant would take a trip with Newman in view of their recent hostility toward one another. The trial court did not abuse its discretion by admitting the testimony of Newman for this limited purpose.

We find no error in the admission of this evidence, therefore, no manifest injustice.

Judgment affirmed.

GUNN and CRIST, JJ., concur.