STATE of Missouri, Respondent,

v.

Gary F. SMITH, Appellant.

No. WD 31441.

Missouri Court of Appeals,
Western District.

Dec. 2, 1980.

Clifford A. Cohen, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Darrell Panethiere, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P. J., and KENNEDY and SWOFFORD, JJ.

SWOFFORD, Judge.

The appellant herein was found guilty by a jury of Robbery, First Degree, § 569.020 RSMo 1978, and was sentenced to twenty-seven (27) years imprisonment.

On this appeal appellant raises a single point of error, which in summary states that the trial court erred, resulting in manifest injustice to appellant, in admitting into evidence the in-court and out-of-court identifications of appellant by certain State witnesses, for the reason that such identifications were the result of impermissibly suggestive identification procedures and were unreliable, in violation of appellant's constitutional rights.

In the light of the state of the record, the evidence may be briefly summarized.

The evidence establishing appellant's guilt in this case was, to say the least, overwhelming. On the morning of August 3, 1979, an unmasked male entered the A&P Food Store located at 223 W. 75th Street in Kansas City, Jackson County, Missouri, armed with a sawed–off shotgun. He grabbed the store manager–bookkeeper who had been standing in the "express" check stand and led him to the adjoining office where the store safes were located. He told the manager to open the upper safe. The manager complied, removed some bundles of money, and placed them in a sack that the robber had picked up in the store. The robber then directed him to open the lower safe. Again, the manager complied, removed some bundles of money and put them in the sack. The robber then pulled the manager over to the cash drawer by the courtesy booth window. The manager "took all the twenties and tens and fives that were in the till, the pan, and put them in the bag ..." Finally, the robber told the manager to go to the back of the store, and he then proceeded to exit the store. Approximately $2,000.00 was taken by the robber. In the course of these events the manager managed to observe the facial features of the robber on at least four separate occasions: 1) when he opened the top safe; 2) when he opened the bottom safe; 3) when he was at the cash drawer, "... [I] was looking square at him ..."; and 4) as the robber left the store "[I] turned to see him walking through the express and then out along the front of the store past the window, going east."

Two other store employees observed the robber in the course of the above–described events. A "sacker" who was standing approximately six feet away from the office, observed the robber for approximately three minutes while he and the manager were in the office. A "checker" who was standing even closer to the office, observed the robber for "[P]robably five minutes or more" while they were in the office, and also viewed him as he left the front door.

Later that afternoon, all of the above–named employees attended a lineup at police headquarters. Three black males appeared in the lineup, and each of the three employees immediately identified defendant–appellant as the robber. At trial, all three employees made in–court identifica-

tion of the defendant–appellant as the robber, although the "sacker" had some hesitancy in initially doing so.

It can be said, however, that the point raised became moot for the reason that the defendant took the witness stand at the trial of the cause and under oath admitted that he had committed the robbery of the A&P Food Store in question on August 3, 1979. He testified that he needed the money obtained to support his drug habit.

■ Moreover, the record discloses that the point here raised was not preserved for review at any stage of the proceeding. There was no motion to suppress identification testimony filed; no objection was made by defense counsel when the three store employees made their in–court identifications of the defendant; no objection was made when the three employees examined the lineup photographs and stated which individual they had picked out as the robber; and no objection was made when Exhibits No. 2 and No. 3 (the lineup photographs) were offered in evidence; defense counsel vigorously cross–examined each of the three store employee witnesses regarding their respective opportunities to view the defendant at the time of the robbery and circumstances surrounding the lineup identification; and, the motion for a new trial contained no suggestion of error concerning identification. These circumstances lead to the conclusion that the identification issue has not been preserved for appellate review. *State v. Brownridge*, 459 S.W.2d 317, 319, 320 (Mo.1970); *State v. May*, 479 S.W.2d 451, 453 (Mo.1972); *State v. Miller*, 490 S.W.2d 36, 37 (Mo.1973); and *State v. Johnson*, 533 S.W.2d 629, 631, 632 (Mo.App. 1976).

■ Implicit in appellant's brief he acknowledges this well established rule of law, but asks that the "plain error" review be applied in this case. At the time of this trial, Rule 27.20(c) controlled this doctrine in criminal proceedings.[1] This rule, in effect, states that plain errors "affecting substantial rights" may be considered on ap-

peal when the court deems that manifest injustice or miscarriage of justice has resulted therefrom.

■ This whole record militates against the application of the "plain error" rule in the light of the overwhelming evidence of defendant's guilt, including his sworn testimony that he committed the offense. As stated in *State v. Hurtt*, 509 S.W.2d 14, 15[3] (Mo.1974):

" * * * When guilt is established by such overwhelming evidence no injustice or miscarriage of justice will result from a refusal to invoke the Rule. * * * Likewise no injustice will result from affirmance of this judgment or conviction."

This Court finds itself at a loss as to why this case was added on appeal to its already heavy burden.

The judgment is affirmed.

All concur.

---

1. Rule 27.20(c) is in substance present Rule 29.12(b), effective January 1, 1980.