**STATE of Missouri, Respondent,**

v.

**William McKINNEY, Jr., Appellant.**

**No. WD 31553.**

Missouri Court of Appeals,
Western District.

March 23, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 4, 1982.

Application to Transfer Denied June 14, 1982.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas priated its funds. The Defendant C. E.

Before KENNEDY, P. J., and SHANGLER and WASSERSTROM, JJ.

KENNEDY, Presiding Judge.

Appellant was convicted upon jury trial of second-degree robbery, § 569.030, RSMo 1978, and armed criminal action, § 571.015, RSMo 1978, in the March 8, 1979, robbery of Pamela Copeland, which yielded $1,142 money belonging to the Granada Inn. He was sentenced to 11 years' imprisonment on the robbery charge and 24 years' imprisonment on the armed criminal action charge, to be served concurrently.

He appeals with two complaints about his trial. He claims the court erred in admitting testimony of out-of-court identification because of impermissibly suggestive police procedures, and in allowing in-court identification by witnesses Copeland, Goss and

**2.** "Crank" is a street name for crystal biphetamine, and a "dime" is a measure thereof.

Cayer. Second, he complains of his armed criminal action conviction as being in violation of his constitutional rights against double jeopardy.

We affirm the robbery conviction and reverse the armed criminal action conviction.

The facts briefly stated are as follows:

Two black men on March 8, 1979, according to the state's evidence, approached the reservation desk of the Granada Inn. One of them (later identified as the defendant) inquired about a room, the second one standing a few feet to the rear. Pamela Copeland, the desk clerk, and Chris Goss, the bellman, were behind the desk. As Pamela was asking defendant how many nights he intended to stay, he produced a handgun and ordered her to give him all her money. She gave him the tray containing the hotel money, which she estimated to be about $1,200. The second man, who then came behind the reservation desk, took the change which was not in the tray.

Witness Cayer, a guest at the hotel, was seated in the lobby. He had noticed the two men in the lobby for some minutes before the robbery "kind of lingering around the stamp machine and a shoeshine machine, put a quarter in there, just kind of looking around, just kind of standing there." The robbers forced him to come to the reception desk. He, along with the two hotel employees, were made to lie down behind the desk. The robbers made their escape.

The police arrived and interviewed the three.

Two days later the police exhibited an array of photographs of individuals to Pamela, Goss and Cayer, the three witnesses. Defendant's picture was identified as that of one of the robbers. Three days later the witnesses separately picked out defendant from a lineup at the police station.

1. *Pre-trial and in-court identification testimony.*

■ Appellant's first point—that the court erred in allowing testimony of out-of court and in-court identification of defendant—may be quickly disposed of. The testimony was given with no objection at trial. Its admission is not assigned as error in the motion for new trial. Rule 29.11(d). It is thus not preserved for review. *State v. Smith*, 609 S.W.2d 478, 480 (Mo.App.1980); *State v. Timmons*, 584 S.W.2d 129, 133 (Mo. App.1979).

■ We have nonetheless, with appellant's criticisms before us, examined the record in search of plain error, Rule 29.-12(b), in the admission of the identification evidence. The identification procedures used by the police were not impermissibly suggestive, *State v. Sanders*, 621 S.W.2d 386, 388–389 (Mo.App.1981); *State v. Bivens*, 558 S.W.2d 296, 299[5] (Mo.App.1977), and the in-court identification was entirely proper. *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972); *State v. Higgins*, 592 S.W.2d 151, 160 (Mo. banc 1979), appeal dismissed, 446 U.S. 902, 100 S.Ct. 1825, 64 L.Ed.2d 254 (1980). The defendant closely cross-examined the witnesses about identification procedures to bring out any uncertainty in the witnesses' identification, so that the jury was equipped to evaluate their reliability. See *State v. Brunson*, 555 S.W.2d 359, 361–362[5] (Mo. App.1977).

The identification testimony was proper, and would correctly have been admitted even over defendant's objection. The point is disallowed.

2. *Armed criminal action, double jeopardy.*

Defendant's next point is that his conviction for armed criminal action is invalid as in violation of his rights against double jeopardy. This point must be sustained.

■ Where a defendant is convicted of second-degree robbery, his conviction for armed criminal action, growing out of the same incident, constitutes a violation of his constitutional right against double jeopardy. In such a case the armed criminal action conviction must be set aside. *State*

*v. Kane,* 629 S.W.2d 370 (Mo.App.1981); *State v. Kane,* 629 S.W.2d 372 (Mo. banc 1982); *State v. Thompson,* Mo.App., 629 S.W.2d 361 (1981); *State v. Thompson,* 629 S.W.2d 369 (Mo. banc 1982).

Defendant's conviction for second-degree robbery is affirmed. His conviction for armed criminal action is reversed.

All concur.