STATE of Missouri,
Plaintiff-Respondent,

v.

Leo KENT, Defendant-Appellant.

No. 44381.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 18, 1982.

Motion for Rehearing and/or Transfer Denied July 16, 1982.

Application to Transfer Denied Sept. 13, 1982.

case and of the entire case based on insufficiency of evidence to convict; (2) failing to suppress identification testimony based on improperly suggestive procedures; (3) instructing on robbery and assault in the first degree by reason of the latter's being a lesser included offense of the former; (4) failure to appoint counsel other than the public defender due to a conflict of interest; (5) failing to find defendant's waiver of right to counsel was involuntary; (6) prohibiting defendant from presenting evidence that defendant's co-participant had not been similarly charged.

We affirm, considering certain issues under plain error. Rule 29.12(b).

The robbery and assault charges against defendant stem from an incident at the Fiesta Meat Company in St. Louis. Two men, one positively identified as defendant, entered the market in late afternoon. Defendant immediately crashed into the room in which Daniel McSellers, the security guard, was seated. Before McSellers could react effectively, defendant shot him three times—in the abdomen, arm and hip. Defendant then took McSellers' revolver and pushed the wounded man into an outer room in which he made him lie on the floor. Defendant's companion emptied the cash register with the involuntary aid of Lee Jackson, a meat market employee. Defendant and his companion then sprinted away with their malgained lucre. McSellers had defendant under constant observation during the entire episode. Jackson's focus also centered on him.

Both McSellers and Jackson subsequently identified defendant from police photograph albums, followed by positive in-court identifications of him as being involved in the crime.

Defendant testified in his own behalf. His version of events was that he had been robbed by McSellers in a crap game in a St. Louis gambling house. Seeking only the return of his gambling fortune, defendant had left the gaming house, obtained a gun from a friend, retraced his steps and ordered McSellers to give up the money

Gene P. Schultz, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Melinda Corbin, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

GUNN, Judge.

Defendant appeals his two count conviction for first degree robbery and first degree assault. His appeal presents a grand farrago of alleged trial court errors: (1) overruling defendant's motions for judgment of acquittal at the close of the state's

wrongfully taken from him. Knowing gambling to be illegal, defendant had not called the police about McSellers' robbery of him. Instead, he fled to Erie, Pennsylvania where he was ultimately apprehended.

Defendant's first point concerns the trial court's overruling his motion for judgment of acquittal at the close of the state's case and at the close of all the evidence. He contends that the identification of him as being the perpetrator of the crime was inherently incredible and urges that implication by eye witness testimony, without more, forms an unsatisfactory basis for conviction. Defendant offers many pedigogical treatises which condemn eye witness testimony as the basis for his argument.

■ Defendant's argument that the trial court erred by overruling his motion for judgment of acquittal at the close of the state's case deserves no consideration. It is fundamental legal rubric that by presenting testimony in his own case—as defendant did—allegation of error concerning action on the motion is waived. *State v. Ritterbach*, 627 S.W.2d 894, 896 (Mo.App.1982); *State v. Brueckner*, 617 S.W.2d 405, 410 (Mo.App.1981).

■ With regard to defendant's contention of insufficiency of the evidence to support the conviction, we are not commissioned to review the weight of the evidence. *State v. Greathouse*, 627 S.W.2d 592, 596 n.1 (Mo.1982). There was substantial evidence from which the jury could easily conclude that the defendant was absolutely involved in the lupine attack on McSellers and the robbery.

■ Despite some contradiction in both McSellers' and Jackson's identifications of defendant's photos from police albums, considering the totality of the circumstances, the identifications were reliable. The witnesses had opportunity to view the defendant at the time of the crime, were attentive in their viewing of him and accurately described him to police. The witnesses were also certain of their identification, and the time between the crime and the identification was brief. No one unduly suggested to McSellers and Jackson, as they made their identifications, that defendant was the offender. Thus, the in-court identifications bear no maculation and were proper and congruent with the holdings of *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972), *State v. Higgins*, 592 S.W.2d 151, 160 (Mo.banc 1979), *appeal dismissed*, 446 U.S. 902, 100 S.Ct. 1825, 64 L.Ed.2d 254 (1980), and *State v. Green*, 635 S.W.2d 42 (Mo.App.W.D.1982).

Defendant examined the witnesses in substantial detail regarding identifications, so the jury was well able to evaluate their reliability. *State v. McKinney*, 633 S.W.2d 164 (Mo.App.1982). It is, after all, the jury's responsibility and function to determine the weight to be given to identification testimony. *State v. Sanders*, 628 S.W.2d 390, 392 (Mo.App.1982).

■ Defendant argues a double jeopardy violation by the trial court's instruction for both first degree robbery and first degree assault.[1]

We need not dissertate on the evidence beyond that previously related. It is sufficient to state that the assault upon McSellers and the robbery of Jackson were separate and distinct crimes, and the jury was properly instructed. *Baker v. State*, 584 S.W.2d 65, 69 (Mo.banc 1979); *State v. Neal*, 514 S.W.2d 544, 548–49 (Mo.banc 1974).

Defendant next asserts that because of a conflict within the public defender's office, he was forced to represent himself and was thereby deprived of effective assistance of counsel.

Treatment of this issue requires some background. Defendant had two prior trials in which he had been represented by an attorney from the public defender's office. Each trial had resulted in a hung jury. But

---

1. This issue is considered under plain error as the instructions have not been set forth. See Rule 30.06(e).

because defendant had become somewhat contentious with his first lawyer, she asked to be relieved from further representation of him, and another lawyer from the public defender's office was assigned as counsel. Defendant rejected the second public defender and requested the trial court to appoint someone unaffiliated with that office. The trial court, finding that the second attorney assigned to defendant was experienced and competent, denied the request. Defendant then chose to represent himself, though counsel from the public defender sat by him, was available for consultation and aided in the case.

On appeal defendant contends that the trial court erred in failing to delve into the matter of whether a conflict existed within the public defender's office. Hence, he argues, he was forced to represent himself rather than being allowed to select an attorney outside the public defender's office, thereby being denied effective assistance of counsel. The reasoning advanced is qualitatively deficient.

■ There is a basic tenet that a criminal defendant has no absolute right to a particular attorney. *State v. Armstrong*, 624 S.W.2d 36, 38 (Mo.App.1981). The tactic applied by defendant in this case is not unique; it has been tried before without remarkable success. The best response to defendant's argument is expressed in *State v. Denny*, 619 S.W.2d 931 (Mo.App.1981):

Defendant's constitutional right to counsel is within the discretion of the court. *State v. Hamblin*, 448 S.W.2d 603, 607[7] (Mo.1970); *State v. Rollie*, 585 S.W.2d 78, 85[7] (Mo.App.1979). The defendant's disagreement with advice given by the appointed lawyer did not alone entitle him to a change of counsel. *State v. Hollins*, 512 S.W.2d 835, 838[2] (Mo. App.1974). Likewise, without justification, a defendant may not arbitrarily discharge his attorney or refuse the attorney's services and thereafter be heard to complain that he had no proper representation. *Evans v. State*, 467 S.W.2d 920, 923 (Mo.1971). To warrant substitution of lawyers, the defendant must first demonstrate justifiable dissatisfaction with appointed counsel. But more to the point in the present case, '[t]he right to effective assistance of counsel may not be improperly manipulated by an eleventh hour request to obstruct the orderly administration of justice.' *United States v. Hart*, 557 F.2d 162, 163[1, 2] (8th Cir. 1977).

After careful and lengthy questioning of defendant and his appointed counsel, the trial court declared, and we believe properly so, the lawyer to be 'competent' and that nothing presented 'indicates to me that he would not have your best interests at heart in representing you effectively and competently.' As seen, each tenuous reason advanced by defendant for having his appointed lawyer withdraw from or be relieved in the case, was forsaken when the fallacy of each advanced reason became self-evident. The substitute given for each abandonment proved no better than the first, leaving only a 'feeling,' which expresses an absence of any reasoning, that the appointed attorney has not 'got my best interests at heart.' Defendant's right to secure counsel who he feels has 'got my best interests at heart' is restricted 'to the extent that it impinges on the public's right to effective and efficient administration of justice, and the rights of other defendants in criminal cases to have their cases tried.' *State v. Jefferies*, 504 S.W.2d 6, 7[2] (Mo.1974). Defendant's 'eleventh hour' maneuver herein to forestall his trial may be appropriately cited as an improper manipulative undertaking 'to obstruct the orderly administration of justice.' *United States v. Hart*, supra, 557 F.2d at 163.

*Id.* at 933–34.

■ The situation in this case is nearly identical to *Denny*, and the defendant cannot leap the chasm of reasoning therein set forth. The defendant has the obligation to demonstrate that a conflict exists or that his appointed counsel is inadequate for the task assigned. Defendant has offered nothing more than vague generalities that his

appointed counsel would not do; that is not enough. *Compare Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978) and *State v. Cox*, 539 S.W.2d 684 (Mo.App.1976), in which conflict of interest of counsel was apparent.

■ The record discloses that only after extensive questioning and warnings by the trial court was defendant permitted to try his own case and, at that, only with appointed counsel by his side offering substantial guidance. Defendant's pertinacious waiver of counsel was knowingly and voluntarily made. There was no error in the trial court's permitting him to proceed in his chosen manner. *State v. Crews*, 607 S.W.2d 729, 731 (Mo.App.1980), *aff'd on other grounds*, 619 S.W.2d 76 (Mo.banc 1981).

■ Defendant's final complaint concerns the trial court's refusal to allow him to expatiate on the fact that the state had not yet charged his co-participant with any crime. But as defendant acknowledges in his brief: "The state is not required to prove that Charles Meredith [the co-participant] committed the robbery charged in this case. In fact, it is difficult to see how the guilt of Charles Meredith is relevant to the guilt of Mr. Leo Kent."

Defendant's assessment of the situation is correct. The relevance of such evidence to defendant's guilt in this case is, at best, doubtful. It is within the trial court's substantial discretion to rule on matters of relevancy, and we find no abuse of that discretion by interdicting evidence of the co-participant who had not been charged. *State v. Wood*, 596 S.W.2d 394, 402 (Mo. banc), *cert. denied*, 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980); *State v. Sanders*, 619 S.W.2d 344, 348 (Mo.App.1981); *State v. Walker*, 616 S.W.2d 89, 93 (Mo.App.1981). This is so despite the identification of and reference to the co-participant in the state's case.

Judgment affirmed.

DOWD, P. J., and CRANDALL, J., concur.