**STATE of Missouri, Respondent,**

v.

**Alfonso Capone EVANS,
Defendant-Appellant.**

**No. 62742.**

Supreme Court of Missouri,
Division No. 2.

Oct. 12, 1982.

David M. Lurie, Kansas City, for defendant-appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Kris Green, Asst. Attys. Gen., Jefferson City, for respondent.

ALDEN A. STOCKARD, Senior Judge.

Alfonso Capone Evans was convicted by a jury of murder first degree, § 565.003, RSMo 1978, and sentenced to life imprisonment. Because of the sentence imposed, this Court has exclusive appellate jurisdiction. Mo. Const. art. V, § 3.

Appellant raises two points on appeal. First, he challenges the action of the trial court in permitting the state to refer to him as "Al Capone." Second, he contends that the trial court erred in admitting into evidence a photograph of the deceased at the scene of the crime because the photograph was prejudicial and of no probative value.

The sufficiency of the evidence is not challenged. We need only state that from the evidence the jury reasonably could find that on the evening of May 10, 1978, following an argument, appellant shot and killed Kevin Milton.

Appellant contends the trial court erred in permitting the state to refer to him as "Al Capone" because such references denied him a fair and impartial trial. Prior to trial, appellant filed a motion in limine asking the court to order the prosecutor to refrain from referring to him as " 'Al Capone,' 'Capone,' or any other similar name," because such references would draw an analogy to the infamous underworld leader. The trial court ruled that "the assistant prosecuting attorney should refrain from the use of those names, unless it becomes absolutely necessary in the course of the examination of certain witnesses."

At the outset we note that at no time did the prosecutor refer to appellant as "Al Capone." Without objection, he did at times refer to him as "Alfonso Capone Evans," which was his correct name and the name under which he was charged. We further note that the state's key witness, Anthony Webb, referred to him as "Capone" at least eight times without any objection being made. The prosecutor re-

ferred to appellant as "Capone" on three occasions. On the first occasion the prosecutor asked Anthony Webb, "Which side of the car did Capone get out of?" Appellant's objection to the prosecutor "calling him by 'Capone'" was sustained. The prosecutor then asked, "What side of the car did the defendant, Alfonso Capone Evans, get out of?" No objection was made to this question. On the second occasion, the prosecutor first asked, "Where was Capone—." He then changed his question and asked, "Where was Alfonso Capone Evans when he said this?" No objection was made. The third reference occurred during closing argument. In recalling the evidence the prosecutor stated:

> He [the victim] jumps out of the car. He says, 'Alfonso Capone, you're doing me wrong.' Capone jumps out of the car, aims the gun at him, pulls the trigger; all for a watch. It killed Kevin Milton a couple of hours later. 'Capone, you're doing me wrong.' Then Capone drives around the street, this defendant, and gives the gun back to Gene.

Again, no objection was made and no relief requested.

■ The fact that the trial court sustained the pretrial motion in limine does not automatically result in a permanent exclusion of the references sought to be prohibited. The pretrial ruling is interlocutory only and additional information produced at trial may prompt the trial court to alter its pretrial ruling and admit the evidence. *See State v. Riggs,* 586 S.W.2d 447, 449 (Mo. App.1979). Therefore, an objection must be made at trial when the evidence is offered or the reference made, preferrably outside the hearing of the jury, in order to preserve for appellate review the ruling made thereon.

■ Appellant's responses to the references complained of fall into two categories: (1) no objection and no remedial action requested of or made by the trial court; and (2) objection sustained and no further relief requested. General rules of appellate review require an objection and proper request for relief as a predicate to examina-

tion on appeal of matters arising at trial. *State v. Hayes,* 624 S.W.2d 16, 20 (Mo.1981); *State v. Seemiller,* 558 S.W.2d 212, 214 (Mo. App.1977). Accordingly, this point has not been preserved for appellate review.

■ Appellant does not suggest that the contention justifies relief under the plain error rule. Rule 30.02. The references made by the prosecutor, in any event, would not have resulted in "manifest injustice" or a "miscarriage of justice." The evidence of guilt was strong. There is no indication of a motive on the part of the prosecutor to suggest that appellant was a confirmed and vicious gangster, and Alfonso Capone Evans was in fact appellant's name. In arguing the case to the jury, the prosecutor did not compare appellant with Al Capone and did not mention the words "Al Capone." We conclude that the three instances of the prosecutor's use of the word "Capone" were innocent of any ulterior purpose. While the prosecutor's reference to appellant may be considered to be unfortunate, it did not deprive him of a fair trial and did not constitute plain error requiring appellate intervention. *See State v. Crawford,* 619 S.W.2d 735, 740–41 (Mo.1981); *State v. Savage,* 522 S.W.2d 144, 146 (Mo.App.1975).

Appellant alleges error in the admission of a photograph of the victim because, as he asserts, it was redundant, lacked probative value, and was highly prejudicial. The photograph in question was in color and depicted the victim lying in the street with a bandage on his head and with blood on the pavement underneath his head.

■ A photograph is admissible if it accurately depicts the scene and tends to prove any elements of the charged offense, including issues of identity, condition and location of the body, nature and location of wounds, and the cause of death. *State v. Newberry,* 605 S.W.2d 117, 122 (Mo.1981); *State v. Cason,* 596 S.W.2d 436, 440 (Mo. 1980), *cert. denied,* 449 U.S. 982, 101 S.Ct. 397, 66 L.Ed. 243 (1981). A photograph is not made inadmissible because other evidence may have described what is shown in the photograph. *State v. Wood,* 596 S.W.2d

823

394, 403 (Mo. banc), *cert. denied,* 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980). The state is not precluded from introducing the photograph simply because defendant expressed a willingness to stipulate the identity of the victim. *See State v. Cummings,* 607 S.W.2d 685, 687–88 (Mo.1980). Furthermore, a photograph is not inadmissible because by accurately portraying a wound or a situation it tends to be inflammatory. *State v. Burnfin,* 606 S.W.2d 629, 630 (Mo.1980). The trial court did not err by admitting the photograph into evidence.

The judgment is affirmed.

WELLIVER, P.J., and HIGGINS and SEILER, JJ., concur.