Richard F. JONES, Appellant,

v.

Nancy L. JONES, Respondent.

No. 46347.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 25, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 13, 1983.

Application to Transfer Denied
Jan. 17, 1984.

Niedner, Moerschel, Ahlheim & Bodeux, Norman C. Steimel, III, St. Charles, for appellant.

David R. Spitznagel, Clayton, for respondent.

CRIST, Presiding Judge.

Appellant (husband) sought to replevy from respondent (wife) certain items of personal property awarded to him in a prior marriage dissolution decree. The jury awarded husband $500.00 as the fair market value of the items as of the time of taking. Husband appeals. We affirm.

The dissolution decree contained findings of fact relating to over 160 separate pieces of marital property. The dissolution trial court found wife had disposed of some of the items awarded to husband prior to the entry of the dissolution decree. The court divided between husband and wife the remaining property items, ascribing monetary values to each.

Husband made an unsuccessful motion in limine to have the replevin court declare the res judicata effect of the distribution and evaluation of property in the dissolution decree and to prohibit testimony at trial varying the issues so found. In denying the motion in limine, the trial court specifically indicated it would find all matters decided by the decree res judicata between the parties, leaving it for the parties to object to the introduction of evidence by specific reference to the dissolution decree.

■ A trial court's denial of a motion in limine is rarely prejudicial due to its interlocutory nature. As the course of trial progresses, the trial court retains the power, based on the evidence presented, to admit evidence, if proper, even if it was the subject of a granted motion in limine. See *State v. Evans,* 639 S.W.2d 820, 822 (Mo. 1982). Hence, there is a necessity for counsel to lodge a specific objection at trial to the introduction of evidence comprising the basis for the motion in limine. *Id.*

■ In his replevin action, husband called wife as a witness and proceeded to question her as to whether she possessed or had disposed of the property sought to be replevied. Wife denied knowledge of the existence of many items awarded in the dissolution decree, and of many items she claimed husband had possession. Thus, not only did husband fail to object to wife's testimony regarding the existence of property awarded in the dissolution decree, he elicited it in his case in chief. Furthermore, as to the items wife admitted disposing without husband's permission, husband produced evidence through wife's testimony that all were either sold or given away prior to the entry of the dissolution decree.

Although a spouse may not dispose of or transfer disputed marital property, *Oliver v. Oliver,* 508 S.W.2d 209, 211 (Mo.App. 1974), and the dissolution decree implicitly found wife to be possessed of certain property awarded husband, he chose to ignore the effect of the decree by producing the above testimony of wife. If husband had chosen to stand on the dissolution decree at trial he could have done so. *Bryson v. Bryson,* 624 S.W.2d 92, 96 (Mo.App.1981).

■ Husband asserts a new trial should have been granted on the issue of damages. He claims the award was so inadequate and against the weight of the evidence as to indicate juror bias or prejudice. See *Durbin v. Cassalo,* 321 S.W.2d 23, 26 (Mo.App. 1959), and *Artstein v. Pallo,* 388 S.W.2d 877, 882 (Mo.1965).

Husband submitted the following instruction against wife:

Your verdict must be for plaintiff if you believe:

First, plaintiff was entitled to possession of certain items of property described in Plaintiff's Exhibit 1, and,

Second, said items of property were in defendant's possession, and

Third, defendant disposed of said items of property without plaintiff's consent, and,

Fourth, plaintiff was thereby damaged.

Husband's Exhibit 1 listed 26 items he sought to replevy in execution of the dissolution decree. As to all but seven items, wife denied any knowledge of the property or testified husband was already possessed of the property. Wife admitted disposing of seven items without husband's permission.

By the first paragraph of the instruction submitted, husband placed in issue his right, as against wife, to possess certain items of property disposed of by wife. The jury made that determination. The jury was free to believe or disbelieve the testimony of any or all witnesses. *Cluck v. Abe,* 328 Mo. 81, 40 S.W.2d 558, 559–60 (1931). In light of the instruction submitted, we are

unable to say as a matter of law the jury's award of damages was incorrect.

■ Finally, husband claims wife should not have been permitted to express an opinion as to a statue found to be marital property but awarded to husband in the dissolution decree. Husband argues wife's opinion was based on hearsay, therefore rendering it incompetent.

On cross-examination, wife's counsel asked her if she had an opinion as to the statue's value in 1976. She stated she had an official opinion from the City Art Museum. At that point husband's attorney objected to any testimony of her opinion if based on hearsay. Although the trial court overruled the objection, wife's attorney rephrased the question to "what is your opinion as to the value?" Wife responded by stating as her opinion, $250.00. Following her opinion, wife admitted having had an appraisal made but did not testify as to the appraised valuation. Wife did not state her opinion was based on the appraisal, and the appraised value was not put in evidence. Since the statue was found to be marital property, wife was therefore competent to testify as to her opinion as owner of the statue without further qualification. *Casada v. Hamby Excavating Co., Inc.,* 575 S.W.2d 851, 854–55 (Mo.App.1978); *Hood v. M.F.A. Mutual Insurance Co.,* 379 S.W.2d 806, 812 (Mo.App.1964).

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.