**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Marvin HEMPHILL,
Defendant-Appellant.**

No. 47082.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 24, 1984.

---

**1.** Appellant's motion to strike respondent's supplemental legal file is rendered moot by this opinion.

Robert Jackson Maurer, Asst. Public Defender, Clayton, for defendant-appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Marvin Hemphill, defendant-appellant, was charged and jury convicted of two counts of robbery first degree. Section 569.020, RSMo 1978. Count I alleged that on August 10, 1982, he forcibly stole an amount of U.S. currency, coins, foodstamps and keys from Harold Stapleton. Count II alleged that at the same time and place he forcibly stole an amount of U.S. currency, coins, money orders, credit cards, personal papers and a wallet from Carolyn Thomas. Punishment was assessed at twenty years imprisonment on each count to run concurrently.

On appeal defendant argues: (1) the trial court erred in overruling defendant's motion to strike for cause venireman Matthews for the reason that Matthews answered on voir dire that the fact his son was a police officer could cause him to give greater weight to the testimony of the police officers than the other witnesses, and; (2) the trial court erred in overruling defendant's motion in limine, permitting the prosecution to question a defense witness as to her lateness in coming forward with her alibi information and permitting the prosecutor in closing argument, to demean the witness' credibility because she was slow in coming forward with her statement.

We affirm the judgment of the trial court.

On his first point on appeal, defendant contends that the court erred in failing to remove for cause from the jury panel venireman Matthews whose son was a police officer. During voir dire examination of the jury, defense counsel questioned Mr. Matthews as follows:

Miss Randall: Is the fact that your son is a police officer going to influence you in any way to make you believe a police officer more than any other witness?

Venireman Matthews: I *could be prejudiced.*

Miss Randall: You could be prejudiced?

Venireman Matthews: I *could be.*

Miss Randall: Do you understand that you are not supposed to give a police officer's testimony greater weight just because he is a police officer.

Venireman Matthews: I understand. (emphasis added).

This exchange was followed by further questioning by both prosecution and defense counsel.

The court then questioned Mr. Matthews as follows:

The court: Do you understand that there are police officers and police officers just like there are judges and judges and doctors and doctors and butchers and butchers, they're not all the same? Do you understand what I mean?

Venireman Matthews: Yes, sir.

The court: The question is, when you sit here as a juror if you're selected, if a police officer testifies, will you be able to put out of your mind the fact that you have great regard for your son which is fine, but put that aside and just judge this witness in light of all the evidence in this case and say whether you believe him or not; could you do that?

Venireman Matthews: *I believe I could,* I believe I could.

The court: Because otherwise it would mean that if a police officer comes in, no matter what he says you're inclined to believe him.

Venireman Matthews: Oh, *no, I don't believe that.* (emphasis added).

The court denied defense counsel's motion to strike venireman Matthews for cause.

■ In determining the qualifications of a prospective juror, the trial court has very wide discretion, and the court's ruling will not be disturbed on appeal unless it is clearly against the evidence and constitutes a clear abuse of discretion. All doubt should be resolved in favor of the trial court because it is in a far better position to determine a challenge for cause than an appellate court. *State v. Treadway,* 558 S.W.2d 646, 649 (Mo. banc 1977), *cert. de-*

*nied,* 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978), partially overruled on other grounds *Sours v. State,* 593 S.W.2d 208 (Mo. banc 1980). It has been held that a relationship to a police officer alone is not a basis for challenge for cause. *State v. Eaton,* 504 S.W.2d 12, 17 (Mo.1973); *State v. Boyd,* 643 S.W.2d 825, 829 (Mo.App. 1982).

■ However, if in response to questions regarding potential prejudice a prospective juror gives equivocal answers, the judge may seek clarification of those answers. *State v. Ealy,* 624 S.W.2d 490, 493 (Mo.App.1981). Our evaluation of Mr. Matthews' response leads us to the conclusion that the trial judge did not abuse his discretion in overruling defendant's motion to strike Mr. Matthews for cause.

Defendant's second point on appeal alleges three errors by the trial court: (1) overruling the motion in limine; (2) permitting the prosecution to question the defense witness as to her lateness in coming forward with her alibi and (3) permitting the prosecution to argue said lateness in final summation.

■ First, a trial court's ruling on a motion in limine is, in a sense, interlocutory in nature; thus the court can receive additional evidence and change its ruling prior to admitting the objected to items in evidence before a jury. *State v. Howell,* 524 S.W.2d 11, 19 (Mo. banc 1975) appealed after remand 543 S.W.2d 836 (Mo.App.) and 581 S.W.2d 461 (Mo.App.1976). Appeals do not lie from rulings on motions which do not involve a final disposition of the case, or from judgments of an interlocutory nature. *In re Smith,* 331 S.W.2d 169, 171 (Mo.App.1960). Only an objection made at trial when the evidence is offered or reference made, will preserve for appellate review the ruling made thereon. *State v. Evans,* 639 S.W.2d 820, 822 (Mo.1982); *State v. Foster,* 608 S.W.2d 476, 478 (Mo. App.1980).

■ Second, the extent of cross-examination rests largely in the discretion of the trial court and the appellate court is not to

interfere unless that discretion is abused. *State v. Weekley,* 621 S.W.2d 256, 260 (Mo. 1981); *State v. Powell,* 632 S.W.2d 55, 58 (Mo.App.1982). Questions on cross-examination by the prosecution as to why the witness did not step forward sooner with her alibi is relevant to the credibility of the witness. Allowing such testimony was not an abuse of discretion by the trial judge. *See State v. Moore,* 581 S.W.2d 873, 874 (Mo.App.1979).

 Third, the defense counsel did not properly object to statements made by the prosecution in closing arguments. Thus the defense failed to properly preserve the point for appeal. *See State v. Hayes,* 624 S.W.2d 16, 20 (Mo.1981). *State v. Martin,* 484 S.W.2d 179, 180 (Mo.1972). Therefore we may review only under the plain error standards as set out in Rule 30.20(b). Since the questions posed by the prosecution relating to the credibility of the witness were proper in cross-examination it logically follows that such statements were also proper in closing argument. We find no trial error, plain or otherwise.

We affirm.

REINHARD and CRANDALL, JJ., concur.