**John LITTLES, Plaintiff–Appellant,**

v.

**James Leroy CUMMINS, Defendant–Respondent.**

**No. 18203.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 19, 1993.

John T. McMullan, Pelts, Stokley and Turnbow, Kennett, for plaintiff-appellant.

Wendell W. Crow, Crow, Reynolds & Preyer, Kennett, for defendant-respondent.

FLANIGAN, Judge.

Plaintiff John Littles brought this action against defendant James Cummins for personal injuries allegedly arising out of a collision which occurred on November 2, 1990, on State Highway 84 in Pemiscot County, involving a vehicle operated by plaintiff and a vehicle operated by defendant. The petition alleged that plaintiff's injuries were caused by the negligence of defendant in the operation of his vehicle.

The case was tried to a jury, which returned a verdict which assessed the percentage of fault of plaintiff at zero and the percentage of fault of defendant at zero, and found that the total amount of plaintiff's damages was $0. The trial court entered judgment on the verdict in favor of defendant. Plaintiff appeals.

Defendant has filed a motion to dismiss the appeal on the ground that plaintiff's brief as appellant fails to comply with Rule 84.04,[1] in that plaintiff's point relied on and the statement of facts portion of his brief are defective. For the reasons which follow, this court sustains the motion.

With exceptions not applicable here, Rule 84.13(a) provides that allegations of error not briefed or not properly briefed shall not be considered in any civil appeal. Rule 84.04 deals with contents of briefs. Rule 84.04(d) reads, in pertinent part: "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous.... Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule." Rule 84.04(c) reads, in pertinent part: "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument."

Plaintiff's sole point relied on reads:

The trial court erred in admitting irrelevant and immaterial evidence notwithstanding Plaintiff's Motion in Limine in that paragraph 3 of said Motion was partially sustained, yet evidence directly relating to said paragraph was allowed in over Plaintiff's objection. Further, paragraphs 1, 2 and 4 were improperly overruled by the trial court, causing great prejudice and harm to the Plaintiff.

■ A ruling in limine is interlocutory only and is subject to change during the course of the trial. The motion in limine, in and of itself, preserves nothing for appeal. *State v. Purlee*, 839 S.W.2d 584, 592[22, 23]

(Mo. banc 1992). To similar effect see *State v. Evans*, 639 S.W.2d 820, 822[1] (Mo.1982); *State v. Howell*, 524 S.W.2d 11, 19[6] (Mo. banc 1975); *State v. Riggs*, 586 S.W.2d 447, 449[1, 2] (Mo.App.1979). In *Evans*, the court said, at 822: "[A]n objection must be made at trial when the evidence is offered or the reference made, preferably outside the hearing of the jury, in order to preserve for appellate review the ruling made thereon." In *Howell*, the court said, at 19: "The real damage is not done until the evidence is introduced in the trial of a case for consideration by a jury. Thus, a trial court can receive additional evidence and change its ruling prior to admitting the objected-to items in evidence before a jury." In *Riggs*, the court said, at 449: "Additional information or trial-produced evidence may prompt the trial court to alter its pretrial ruling by admitting the previously objected-to testimony. Such change of mind does not automatically work to convict the trial court of error."

Although the foregoing cases are criminal cases, the same principles apply to a motion in limine filed in a civil case. *Sooter v. Magic Lantern, Inc.*, 771 S.W.2d 359, 362[4, 5] (Mo.App.1989); *Manner v. H.E.T., Inc.*, 739 S.W.2d 724, 726–727[2] (Mo.App. 1987); *Jones v. Jones*, 661 S.W.2d 817, 818[1] (Mo.App.1983); *Annin v. Bi–State Development Agency*, 657 S.W.2d 382, 385[8] (Mo.App.1983). In *Jones*, the court said, at 818: "As the course of trial progresses, the trial court retains the power, based on the evidence presented, to admit evidence, if proper, even if it was the subject of a granted motion in limine. Hence, there is a necessity for counsel to lodge a specific objection at trial to the introduction of evidence comprising the basis for the motion in limine." In *Annin*, at 385, the court said that an order sustaining a motion in limine is merely a preliminary expression of the court's opinion as to the admissibility of the evidence.

■ In essence, plaintiff's point contends that the trial court erred in admitting unspecified evidence because paragraph 3 of plaintiff's motion in limine challenging such

**1.** All references to rules are to Missouri Rules of Court, V.A.M.R.

evidence had been sustained and, further, that the trial court erred in overruling three paragraphs of the motion in limine. No issue is presented by either contention. As the foregoing authorities demonstrate, the mere fact that an evidentiary ruling made at trial is inconsistent with a prior ruling on a motion in limine is of no moment. The trial court has the authority, and indeed the duty, to correct a prior erroneous ruling. A ruling on the motion itself, without more, presents no issue on appeal.

■ Plaintiff's statement of facts, like his point, is defective. The statement of facts makes no mention of the motion in limine or its contents. All the witnesses who testified were plaintiff's witnesses. The statement of facts makes no mention of any testimony elicited on cross-examination by defendant. Plaintiff's brief preserves nothing for appellate review.

Under Rule 84.13(c), this court, in its discretion, may consider plain error, though not raised or preserved, affecting substantial rights when the court finds that manifest injustice or miscarriage of justice has resulted therefrom. This court's gratuitous examination of the record discloses no plain error.

Appeal dismissed.

PREWITT and GARRISON, JJ., concur.