_____

No. 95-4256
_____

Mark S. Moore,                          *
                                        *
        Appellant,                      *
                                        *   Appeal from the United States
    v.                                  *   District Court for the
                                        *   Eastern District of Missouri.
Michael S. Bowersox,                    *
                                        *        [UNPUBLISHED]
        Appellee.                       *


_____

        Submitted:  November 20, 1996

        Filed:  January 31, 1997
_____

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and BOGUE,[1]
    Senior District Judge.

_____

HENLEY, Senior Circuit Judge.

        Michael Moore appeals from a judgment of the district court[2] denying
his petition for a writ of habeas corpus under 28 U.S.C.  2254.  We affirm.

        In 1977 Moore was convicted of a 1975 murder of a confectionery store
employee and was sentenced to life imprisonment.  His conviction was
affirmed on appeal, State v. Moore, 581 S.W.2d 873 (Mo. Ct. App. 1979), and
his motion for post-conviction relief was denied, Moore v. State, 796
S.W.2d 114 (Mo. Ct. App. 1990) (per curiam).  While he was an inmate in
jail

_____

        [1]The Honorable Andrew W. Bogue, United States Senior District
Judge for the District of South Dakota, sitting by designation.

        [2]The Honorable Donald J. Stohr, United States District Judge
for the Eastern District of Missouri.

awaiting trial for another murder, Moore filed the instant habeas petition, alleging evidentiary and Brady v. Maryland, 373 U.S. 83 (1963), errors. The petition was referred to a magistrate judge, who found that, to the extent that Moore's evidentiary claim raised a due process issue, it was without merit and that his Brady claim was procedurally defaulted. Accordingly, the magistrate judge recommended that the petition be denied and allowed the parties eleven days to file objections to his report and recommendation. Moore's copy of the report and recommendation was mailed to the jail, but was returned to the district court clerk's office. After the clerk's office called the jail and learned that Moore had been transferred to a prison, a copy of the report and recommendation was mailed to Moore's prison address.

Moore did not file objections to the report and recommendation, but instead filed a motion to remand based on Schlup v. Delo, 115 S. Ct. 851 (1995). Several months later, Moore filed a motion for reconsideration, which raised several new claims and reasserted his Schlup claim. In support of the Schlup claim, Moore relied on an October 1986 affidavit of Lawrence Dixon, in which Dixon stated that he was in the store at the time of the murder and Moore was not there. The district court directed the state to respond to Moore's Schlup claim. After consideration of the state's response, the district court held that, assuming Schlup applied to non-capital cases, Moore had not demonstrated actual innocence to excuse the default of his Brady claim. The court also refused to consider any new grounds for relief raised in Moore's motion for reconsideration, denied several pending motions, including Moore's motions for appointment of counsel and an investigator, and in all other respects adopted the magistrate judge's report and recommendation.

On appeal, relying on Belk v. Purkett, 15 F.3d 803, 815 (8th Cir. 1994), Moore argues that the district court committed reversible error because it failed to conduct a de novo review.

His reliance on Belk is misplaced. In Belk, this court held that "[f]ailure to conduct de novo review when required is reversible error." Id. at 815. However, de novo review is only required when a party files timely objections to a magistrate judge's report and recommendation, id., which Moore failed to do. Contrary to Moore's suggestions on appeal, the district court did not deny him the opportunity to file objections. In addition, the court did not abuse its discretion in denying his various motions.

Moore also incorrectly argues that the district court erred in its Schlup analysis. Dixon's 1986 affidavit was neither "new" nor "reliable" evidence of actual innocence. See Schlup, 115 S. Ct. at 865. In fact, Moore relied on the affidavit and Dixon's testimony in support of his state post-conviction motion. At an evidentiary hearing on the motion, Dixon admitted that his 1986 affidavit conflicted with a police report and an earlier affidavit, in which he stated he was outside the store at the time of the murder. Dixon claimed that the first affidavit was false, asserting that Moore had prepared it and he (Dixon) had signed it because he was "under a lot of pressure." Not surprisingly, the motion judge found Dixon "was totally without credibility." Joint Appendix at 76. Moreover, as the district court noted, Dixon's affidavit conflicted with the trial testimony of Geraldine Ivy, who had known Moore since high school and placed him at the scene of the crime.

Accordingly, the district court's judgment is affirmed.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-