EBERSON, Appellant, v. CONTINENTAL INVEST-
MENT COMPANY, Respondent.

St. Louis Court of Appeals, April 10, 1906.

1. **AGENCY: Independent Contractor: Personal Covenant.** Where
   a lease provided that the landlord, in case of partial destruction,
   should repair the premises, the covenant was a personal one
   and he could not avoid liability for damages resulting from
   negligent performance of the work of repairing although he let
   the job to an independent contractor; the contractor in such
   case was the landlord's agent in the performance of the work.

2. **LANDLORD AND TENANT: Covenant to Repair: Negligence.**
   In an action by a tenant against his landlord for damages caus-
   ed by the flooding of the premises on account of a part of the
   roof being burned away, the evidence is examined and *held*
   the questions, whether the plaintiff was guilty of negligence,
   in doing business in the premises in its damaged condition, and
   whether the flood was so unusual that ordinary precautions,
   if taken by the contractor while repairing the damaged roof,
   could have prevented the flooding of the premises, were for the
   jury.

Appeal from St. Louis City Circuit Court.—*Hon. Matt
G. Reynolds,* Judge.

REVERSED AND REMANDED.

*S. T. G. Smith* and *Thomas S. Meng* for appellant.

(1)   Where a person contracts with another to per-
form a certain work the contractor cannot let the work
out to another and escape liability, because the person
to whom it is let stands in the position of an independent
contractor.   Prescott v. LeConte, 82 N. Y. Supp. 411;
Prescott v. LeConte, 178 N. Y. 585; Schutte v. United
Electric Co., 68 N. J. Law 435; Lasker, etc., Co. v.
Hatcher, 28 S. W. 404; Brennan v. Ellis, 70 Hun 472;
Railroad v. Meador, 50 Texas 77; Randolph v. Feist, 52
N. Y. Supp. 109; Coleman v. Central Trust Co., 25

Miscel. 295; Wood on Master and Servant, sec. 316; Wharton on Agency, sec. 485. (2) A man who orders work to be executed, from which in the natural course of things injurious consequences must be expected to arise unless means are adopted by which they may be prevented, is bound to see to that which is necessary to prevent the mischief and cannot relieve himself from liability by employing an independent contractor. Dillon v. Hunt, 11 N. A. 246; Dillon v. Hunt, 105 Mo. 154, 16 S. W. 516; Crenshaw v. Ullman, 113 Mo. 633, 20 S. W. 1077; Wertheimer v. Saunders, 95 Wis. 573; Sulbacher v. Dickie, 51 How. Pr. 500; Randolph v. Feist, 23 Miscl. 650; Lasker, etc., Co. v. Hatcher, 28 S. W. 404; Robbins v. Chicago, 4 Wall. 657.

*Lee Sale* for respondent.

(1) The plaintiff's own evidence shows that he was guilty of negligence contributing to the injury in introducing into the building under the circumstances shown in evidence the goods which according to his claim were damaged by the rain, when he knew or ought to have known that he was taking the risk of their being damaged in case of a violent rainstorm. Rose v. Butler, 69 Hun 140; Cook v. Soule, 56 N. Y. 420; Klausner v. Herter, 36 Misc. (N. Y.) 869; Reiner v. Jones, 38 App. Div. (N. Y.) 441. (2) The undisputed evidence shows that the rainstorm and wind were not such as the contractor in the exercise of ordinary care should have anticipated, and that even if he had anticipated them he could not have prevented the damage by the exercise of ordinary care on his part. (3) Even if the evidence showed that the contractor was negligent and the plaintiff free from negligence, the defendant cannot be held responsible for the negligence of the independent contractors who were in no sense its servants. Burns v. McDonald, 57 Mo. App. 599; Morgan v. Bowman, 22 Mo. 538; Wiese v. Remmers, 140 Mo. 289, 41 S. W. 797;

Jefferson v. Jameson & Morse Co., 165 Ill. 138; Blumb v. Kansas City, 84 Mo. 412; Fink v. Missouri Furnace Co., 82 Mo. 276.

BLAND, P. J.—The action is to recover damages caused to plaintiff's goods by rainwater falling through a hole in the roof of the building occupied by him as tenant of the defendant. The premises are situated on North Second street, in the city of St. Louis, and were let to plaintiff, on August 1, 1901, for a term of five years, beginning on said date. The premises were used by plaintiff for the purpose of carrying on the business of manufacturing and dealing in paints. In respect to repairs the lease contained the following clause:

"Second. It [defendant] has the title to said premises and good right to make this lease; (3) It will put said lessee in possession of said premises, and will permit him, his legal representatives and assigns, to quietly hold and enjoy them during said term; (4) It will keep the foundation, the walls (except openings) cornices, guttering and downspouts, the roof and the exterior of the buildings on said premises in good condition for the purposes of the tenancy hereby created; (5) in the event of the partial destruction of said buildings, it will as speedily as possible restore them to a condition similar to and equally as good as on the day preceding such partial destruction; (6) that in case of the partial destruction of said buildings so as to render them or any portion of them untenantable, a pro rata proportion of said rent shall be remitted or returned to said lessee until such time as they are again tenantable, and (7) said lessee may, at the expiration of the term hereby created remove from said premises all fixtures and machinery placed therein at his cost, for the prosecution of his business, excepting the elevator and appurtenances thereto, introduced by said lessee, which are to remain and to be left intact as part of the consideration for this lease."

On the night of June 13, 1902, a fire, originating from an unknown cause, broke out on the top floor of the building and burned a hole in the roof, of the dimensions of about seven thousand square feet. After the fire insurance on the building was adjusted, defendant, on June 18, 1902, let a contract to Hogg & Reed to restore the roof for a lump sum of money. The hole in the roof had been protected by spreading a tarpaulin over it, until Hogg & Reed undertook to restore it. While the work of restoration was in progress, tarpaulins were used to protect that portion of the roof immediately over the part of the building used as an office by plaintiff, and to prevent rain from blowing into this part of the building, a board partition was built from the top floor to the roof. Hogg & Reed began the work of restoration immediately after the contract was let to them. The evidence shows that the season was a rainy one and that rain fell on the eighteenth, nineteenth, twentieth, twenty-fourth, twenty-fifth and twenty-sixth of June, but these rains did no damage to plaintiff's goods. On the night of the twenty-seventh and the following day, four and seventy-one hundredths inches of rain fell and, the roof having been left partially uncovered by Hogg & Reed, water poured through the opening and flooded the entire building, causing damage to plaintiff's merchandise, office furniture, etc. The suit is to recover for these damages.

The answer pleaded contributory negligence, as an affirmative defense, and alleged that Hogg & Reed were independent contractors for whose negligence, if they were negligent, defendant was not liable.

The evidence tends to show that on the night of June twenty-seventh, the wind attained a velocity of fifty-nine miles an hour and would have stripped the roof of tarpaulins had they been placed thereon; it also tends to show that the fire walls of the building extended two and one-half feet above the roof line and that tarpaulins would have been entirely inadequate to hold

back or discharge the volume of water that fell on the night of June twenty-seventh and the day following; it also shows that plaintiff continued to carry on his usual business after the fire; that he received large amounts of new merchandise into the building and made large daily shipments therefrom to his customers.

The issues were tried to the court without the intervention of a jury. The court found the issues for the defendant. A motion for new trial being of no avail, plaintiff appealed.

No declarations of law were given for plaintiff. The principal error relied on for a reversal of the judgment is the giving of the following two declarations of law for the defendant:

"7. The court declares the law to be that if the court should find from the evidence that defendant employed competent contractors and builders to restore the building mentioned in the evidence and that such contractors and builders were employed to restore said buildings for a gross price to be paid to them by defendant, and in accordance with their own methods; and if the court should further find from the evidence that the defendant neither retained nor exercised any supervision or control over the method or manner of doing the work so agreed to be done by said contractors and builders, then the defendant is not liable for any negligence of the said contractors and builders or their employees while engaged in restoring said building, and the finding must be for the defendant.

"8. The court declares the law to be that if it should find from the evidence that on or about the thirteenth day of June, 1902, plaintiff was in possession of the building known as number 901-903 North Second street, in the city of St. Louis, under a lease from the defendant which provided that in the event of the partial destruction of said buildings, the defendant should as speedily as possible restore them to a condition similar

to and equally as good as on the day preceding such partial destruction; and if the court should further find from the evidence that on or about said thirteenth day of June, 1902, the roof of said buildings was partially destroyed by fire and that by reason of such partial destruction it became necessary that a new roof should be put over a large part of said building; and if the court should further find from the evidence that defendant thereupon employed the firm of Hogg & Reed to restore the said building to a condition similar to and equally as good as on the day preceding its partial destruction as aforesaid, for a gross price to be paid by the defendant to said Hogg & Reed for such restoration; and if the court should further find from the evidence that said firm of Hogg & Reed were competent contractors and builders, then the defendant is not liable for any negligence on the part of said firm of Hogg & Reed, or their employees, while engaged in restoring the said building; and in that event, the finding must be for the defendant, although the court should further find that the said firm of Hogg & Reed or their employees were negligent in allowing the roof on said building to remain in such condition that the contents of said building were exposed and damaged by rain while the said building was so being restored as aforesaid."

These declarations of law are palpably erroneous. The covenant of the defendant, in the lease, to repair is a personal one, the performance of which it could not delegate to another so as to absolve it from liability for damages resulting from the negligent performance of the duty. By its contract with Hogg & Reed to make the repairs, plaintiff substituted them in its stead and made them its agent for the performance of the work of restoration; in such circumstances, the rule of responsibility is thus stated by Professor Wharton: "The rule that the principal is not liable for the contractor's torts is 'inapplicable to cases where the contractor is entrusted with the performance of a duty incumbent upon his

employer, and neglects its fulfillment, whereby an injury is occasioned.'" [Wharton on Agency, sec. 485.] This terse and clear statement of the rule by Professor Wharton is supported by the following cases cited in plaintiff's brief: Dillon v. Hunt, 11 Mo. App. 246, affirmed in 105 Mo. l. c. 161, 16 S. W. 516; and Prescott et al. v. LeConte et al., 82 N. Y. Supp. 411, appealed to the Court of Appeals and affirmed in 178 N. Y. 582. This case arose out of the relation of landlord and tenant, in a suit by subtenants for damages resulting from negligent repairing of the leased premises by a contractor under the lessee. And also Brennan v. Ellis, 77 Hun l. c. 474, and Houston & Great Northern R. R. Co. v. Meador, 50 Tex. 77.

The principle is universally recognized that where a duty is incumbent upon one to do a particular work, he cannot escape liability for its negligent performance by committing its execution to an independent contractor. But defendant insists that, notwithstanding the error in these instructions, the judgment should be affirmed, for the reason, as it contends, the evidence conclusively shows that the plaintiff was guilty of such contributory negligence by continuing to do business in the building in its exposed condition as to preclude his right of recovery. The evidence shows that plaintiff's goods were protected from rain that fell prior to June twenty-seventh by the use of tarpaulins and, we think, whether or not he was guilty of negligence in continuing to do business by bringing new goods into the building in its exposed condition, and while the work of restoring the roof was in progress, and the question of whether or not a covering of the hole with tarpaulins would have protected the goods from the severe wind and rainstorm that prevailed on the night of June twenty-seventh and the following day, are questions which should be passed on by the jury under appropriate instructions, and that the evidence is not so conclusive as to either of these facts as to warrant a court to declare, as a matter of

law, that the plaintiff was guilty of contributory negligence, or that the use of tarpaulins would have been inadequate to protect his goods from the rainstorm of June twenty-seventh.

The judgment is reversed and the cause remanded. All concur.