**Veda Ailene LOCK, Plaintiff-Appellant,**

v.

**Olivia Jane LaFEVERS,
Defendant-Respondent,**

v.

**Jerry W. LaFEVERS, Third-Party
Defendant.**

No. 12908.

Missouri Court of Appeals,
Southern District,
Division Two.

March 14, 1983.

Kenneth A. Wagoner, Moore, Brill & Wagoner, P.C., West Plains, for plaintiff-appellant.

No appearance for defendant-respondent.

No appearance for third-party defendant.

PREWITT, Judge.

Plaintiff sued her former daughter-in-law for a $4,000 indebtedness evidenced by a "Promissory Note" signed by defendant and plaintiff's son. Since they signed the document, their marriage has been dissolved. Defendant filed a third-party petition against her former husband seeking contribution from him if she had to pay any of the debt.

Defendant testified that the purpose of the note was to ensure that if defendant and her then husband died that plaintiff would be paid and that otherwise no payment was intended. Defendant said she prepared the note and it was signed because "my family shouldn't benefit from something that was given to us". Plaintiff denied that the note was only to be paid on the death of defendant and her then husband. A jury found for defendant. Following the jury verdict in defendant's favor, judgment was entered in favor of defendant on plaintiff's claim and in favor of third-party defendant on the third-party petition.

Plaintiff contends on appeal that defendant's evidence that contested plaintiff's right to receive payment upon demand violates the parol evidence rule and must be disregarded. As defendant admitted all of the other elements of plaintiff's claim, plaintiff contends that the trial court erred in not granting her request for a directed verdict at the close of all the evidence.

■ Parol evidence may not be used to alter unambiguous rights in a written document. *State Bank of Fisk v. Omega Electronics*, 634 S.W.2d 234, 237 (Mo.App.1982). See also *Craig v. Jo B. Gardner, Inc.*, 586 S.W.2d 316, 324 (Mo. banc 1979). The note provided that plaintiff "shall hold the right to ask for payment upon request." Her right to ask for payment entitled her to demand it at any time. Defendant's testimony contradicted this right and should not have been allowed.

Defendant's testimony as to when payment was required must be ignored and a decision made on the writing alone, see *State Bank of Fisk v. Omega Industries*, supra. As there were no other disputes in the evidence between plaintiff and defendant, and as defendant admitted all other elements of plaintiff's claim, plaintiff is entitled to judgment as a matter of law and her motion for a directed verdict should have been granted.

As we are obligated to finally dispose of this case unless justice requires otherwise and give such judgment as the trial court should have given, Rule 84.14, we now consider defendant's third-party petition. The note was given to plaintiff for her interest in a house plaintiff and others deeded to defendant and third-party defendant, but the indebtedness was not secured. Third-party defendant contended at trial that he was not liable for contribution because the decree dissolving their marriage gave defendant the house and obligated her to pay "the indebtedness against said Real Estate".

■ Although it may have been an indebtedness to acquire the house, it was not an indebtedness against the house as the house could be freely sold without regard to the note. The record shows no valid defense to defendant's claim for contribution. Absent proof to the contrary, it is presumed that coobligors received equal benefit from the obligation and they must contribute equally to its payment. *Transwestern Industries, Inc. v. Shue*, 537 S.W.2d 848, 849 (Mo.App.1976). Defendant is entitled to judgment against third-party defendant for one-half of any sums that she pays on the note. See *Bond Diamond Company v. Wilson*, 325 S.W.2d 63, 65–67 (Mo.App.1959); 18 C.J.S. Contribution § 13.g, p. 27.

The judgment is reversed and the cause remanded to the trial court with directions that it enter judgment in favor of plaintiff and against defendant for $4,000 with interest as provided in the note since July 31, 1975 and in favor of defendant and against third-party defendant for one-half of any sums that defendant may pay to plaintiff

upon said judgment. Execution to only issue upon defendant's claim against third-party defendant upon the trial court being presented with proof satisfactory to it, and upon such notice to third-party defendant as it may proscribe, that payment has been made to plaintiff by defendant or in her behalf upon defendant's obligation to plaintiff and in which event execution shall only issue for one-half of that amount and it being further provided that third-party defendant may be discharged from his obligation to defendant upon payment by him of one-half of defendant's total obligation to plaintiff, unless sooner paid by defendant, which amount shall be a credit upon defendant's obligation to plaintiff. Cost of this appeal to be taxed one-half to defendant and one-half to third-party defendant.

MAUS, P.J., and TITUS, J., concur.

HOGAN, J., disqualified.