**Dorman and Cletta FRAZIER, Plaintiffs-Appellants,**

v.

**Virgie O. YETT and John N. Wiles, Defendants-Respondents.**

**No. 13969.**

Missouri Court of Appeals, Southern District, Division One.

Oct. 30, 1985.

Don M. Henry, Henry, Henry & Henry, P.C., West Plains, for plaintiffs-appellants.

David G. Neal, Eminence, and John N. Wiles, West Plains, for defendants-respondents.

GREENE, Judge.

Dorman E. Frazier and Cletta B. Frazier, husband and wife, sued Virgie O. Yett and John N. Wiles, seeking to enjoin them from foreclosing upon and selling the Fraziers' 199 acre farm, contending that they were not personally liable on certain promissory notes secured by a deed of trust on the farm, as such debts, as evidenced by the notes, had been "forgiven" by Virgie. Virgie is the widow of W.T. Yett, who had advanced money to the Fraziers.

The two notes in question, executed by the Fraziers on August 9, 1976, were in the sums of $100,000 and $60,021.87. Payments of principal and interest were made on the notes from time to time. After Mr. Yett died, Mrs. Yett demanded payment of the notes which were in default. When payment was not forthcoming, Mrs. Yett instituted the foreclosure proceeding. John Wiles is the trustee of the deed of trust covering the real estate and personal property on it that secured the notes.

At trial, the Fraziers attempted to show that the notes were to be paid from proceeds received from the cattle raised on the farm, and that they were to have no personal liability on the notes. This evidence was received subject to objection that it violated the parol evidence rule. Further evidence offered was that after the death of Mr. Yett, Mrs. Yett told the Fraziers she did not need the farm and wanted the Fraziers to have it. Mrs. Yett testified that she did not tell the Fraziers they could have the farm, nor that she did not expect payment from them.

After receiving evidence, the trial court made findings of fact and conclusions of law, and entered judgment denying the injunction, stating that the notes and deed of trust securing same were valid obligations of the Fraziers. The trial court found that the notes were complete, unambiguous documents, and that there was no evidence of fraud, common mistake, accident or erroneous omission in connection with the execution of the notes that would make parol evidence regarding a variance from their terms admissible.

On appeal, the Fraziers contend the parol evidence was admissible to show fraud and/or the true intention of the parties. They also claim the evidence at trial proved that Virgie Yett had waived her right to enforce payment of the notes.

Our review is limited to a determination of whether the trial court's judgment is supported by substantial evidence, is not against the weight of the evidence, and is not based on any erroneous declaration or application of law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Our examination of the notes and deed of trust in question shows that they are regular on their face, unambiguous, and admittedly executed by the Fraziers.

The notes contain the standard default provisions, and the deed of trust contains foreclosure provisions in event of default. Parol evidence may not be used to create ambiguity where there is none. *Craig v. Jo B. Gardner, Inc.*, 586 S.W.2d 316, 324 (Mo. banc 1979). The trial judge was correct in rejecting the offered parol evidence that would have contradicted the terms of the written instruments. *See Lock v. LaFevers*, 648 S.W.2d 640, 641 (Mo.App.1983).

█ As to the claim of waiver, Mrs. Yett testified she demanded payment of the notes after default and denied telling the Fraziers they could have the farm without paying off the notes. The trial court had a right to believe her, and evidently did.

Judgment affirmed.

TITUS, P.J., and FLANIGAN, J., concur.