Vernon **MANNER**, et al., Appellants,

v.

**H.E.T., INC.**, et al., Respondents.

No. 52081.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 13, 1987.
Rehearing Denied Nov. 18, 1987.

John C. Maxwell, St. Charles, for appellants.

Daniel E. Wilke, Brinker, Doyle & Kovacs, Clayton, for respondents.

SIMON, Judge.

Plaintiffs, Vernon and Edna Manner and John and Nancy Shipley, appeal a decree of the Circuit Court of the County of St. Charles granting a directed verdict in favor of H.E.T. Inc. and its trustees, Clifford Heitgerd, Donald Ell, and Bernard Terbrock (hereinafter referred to as defendants).

On appeal, plaintiffs contend that the trial court erred in: (1) entertaining defendants' oral motion in limine the morning of trial; (2) sustaining defendants' oral motion in limine and refusing plaintiffs' oral motion for leave to amend the September 3, 1975 date in their original petition to March 1, 1975; (3) overruling plaintiffs' written motion to amend the pleadings to conform to the evidence; and (4) granting a directed verdict in favor of defendants at the close of plaintiffs' case. We affirm.

Plaintiffs filed a petition on November 9, 1979 alleging that "on or about the third day of September, 1975" defendants' development of a nearby subdivision known as Golden Hills Estates caused water, mud, and debris to be discharged onto plaintiffs' land thereby resulting in damage to plaintiffs. On the first day of trial, defendants made an oral motion in limine to prevent plaintiffs from introducing evidence of defendants' conduct prior to September 3, 1975. Pre-trial depositions had indicated that the excavation and development of the Golden Hills Estates subdivision began in March, 1975 (deposition of Vernon Manner, p. 13; deposition of Edna Manner, p. 4; deposition of John Shipley, p. 6). The trial court granted the motion in limine, indicating that plaintiffs could introduce evidence concerning the condition of their property prior to September 3, 1975 as long as they did not address what the defendants did to the property or to the adjoining property before September 3, 1975. Plaintiffs made an oral request for leave to amend their petition changing the September 3, 1975 date to January of 1975.

During trial, plaintiffs presented evidence indicating that they had lived in a neighborhood known as High-Point Acres since the 1960's. Located adjacent to their homes was a 187 acre tract of cultivated farmland. Approximately forty-four acres of this farmland was transferred to H.E.T. Inc., later to become Golden Hills Estates. Plaintiffs testified that on or after September 2, 1975 they experienced problems with water and mud flowing onto their property from the direction of the new subdivision then under construction. The mud and water flow caused embarrassment and aggravation, with plaintiffs incurring expenses for the installation of railroad ties to abate the water flow and to replace gravel washed from driveways. Photographs of the affected areas were admitted at trial.

Plaintiffs' expert witness, Thomas Hermann, a consulting engineer, testified as to

the cause of the water flow onto plaintiffs' property. Assuming that: (1) the adjacent land was intensively cultivated prior to September 3, 1975; (2) the contour of the adjacent land changed after September 3, 1975; (3) plaintiffs began experiencing water flow problems after September 3, 1975; and that (4) streets were installed on or after September 2nd or 3rd, 1975 on the adjacent land, Hermann testified that, in his opinion, the street structures of Golden Hills Estates channelized the surface run-off onto plaintiffs' properties.

At numerous times during the trial, plaintiffs sought to introduce evidence of defendants' changes in the contour of their land prior to September 3, 1975. Defendants continually objected to such evidence with many of these objections being sustained. Plaintiffs who testified indicated that there was really no change in the water discharge problem on September 2, 1975 as compared to September 3, 1975. (T. 255, 312, 342–343)

At the close of plaintiffs' case, the trial court granted a directed verdict in favor of defendants. Plaintiffs filed a motion to amend their pleadings to conform to the evidence along with their motion for new trial. Both were denied.

The main issue on appeal is whether the trial court correctly directed a verdict in favor of defendants at the closing of plaintiffs' case. Initially, we note that upon review of a directed verdict, we must apply the well established rules requiring us to:

> ... consider all of the evidence in a light most favorable to the plaintiff, accept it as true where it is not entirely unreasonable or opposed to physical laws, accord to plaintiff the benefit of all favorable inferences deducible from the evidence, reject all unfavorable inferences, and disregard defendants' evidence except insofar as it aids plaintiff's case. (citations omitted). When challenged on appeal, a verdict directed against plaintiff will fall unless the facts in evidence and the legitimate inferences to be drawn from such facts, are so strongly against the plaintiff as to leave no room for reasonable minds to differ. (citations omitted).

*Barnett v. M & G Gas Co.*, 611 S.W.2d 370, 371 (Mo.App.1981). Therefore, we address plaintiffs' contentions in this light.

In their first point, plaintiffs contend that the trial court erred in entertaining defendants' oral motion in limine to limit the evidence to the date in the pleadings. The motion was introduced the morning of trial and was not in writing. Additionally, plaintiffs contend that no notice of the motion was served upon plaintiffs as required by Missouri Rules of Civil Procedure 55.-26(a) and 43.01(a) and by Circuit Court of St. Charles County Local Rules 2.3 and 33.4.

■ Rule 55.26(a) of the Missouri Rules of Civil Procedure provides in pertinent part that:

> An application to the court for an order shall be by motion which, *unless made during a hearing or trial,* shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. (emphasis added)

The oral motion in limine was presented to the court the first day of trial. Generally speaking, a trial begins when the veniremen are called for an examination as to their qualifications. 75 Am.Jur. 20 *Trial* § 2 (1974). In the present case, not only had voir dire commenced, but the jury had been selected and sworn. The trial had begun. Therefore, under Rule 55.26(a), no written motion was necessary since the oral motion in limine occurred *during trial.* Plaintiffs have not demonstrated to this court through the record that the oral motion occurred pre-trial. "It is appellants' responsibility to provide a record on appeal containing everything necessary to determine the questions presented." *Brummit v. O'Fallon Bros. Construction Company,* 671 S.W.2d 441, 442 (Mo.App. 1984). Absent a showing that the motion did not occur during trial, we rule this point against plaintiffs.

■ In their second point, plaintiffs contend that the trial court erred in sustaining defendants' oral motion in limine and thereafter refusing plaintiffs leave to amend the

September 3, 1975 date in their original petition to March 1, 1975. Plaintiffs' brief is devoid of reasoning why the sustaining of the motion in limine was erroneous. An order sustaining a motion in limine is an interlocutory order subject to change by the court. "It is merely a preliminary expression of the court's opinion as to the admissibility of the evidence," and hence is not available for review. *Annin v. Bi-State Development Agency*, 657 S.W.2d 382, 385 (Mo.App.1983).

■ With regard to the allegation that the trial court erred in refusing appellants' oral motion for leave to amend their petition, a thorough review of the record on appeal reveals that the trial court never specifically ruled on that point. Since lack of a specific ruling preserves nothing for review, this court need not consider a point upon which no ruling has been made. *Vandever v. Junior College District of Metropolitan Kansas City*, 708 S.W.2d 711, 720 (Mo.App.1986). *See also Owsley v. Owsley*, 34 S.W.2d 558, 559 (Mo.App. 1931).

Assuming arguendo, the trial court did rule on the oral motion, such ruling would properly be within the trial court's discretion. We will not disturb such a ruling unless it is shown that the court "palpably and obviously" abused its discretion. *Clayton Brokerage Co. of St. Louis v. Lowrance*, 592 S.W.2d 218, 225 (Mo.App. 1979).

■ In the instant case, the date or dates of defendants' alleged change to the contour of the land was not unknown to the plaintiffs. Moreover, plaintiffs did not request leave to amend the petition until the day of trial. This case had been pending trial for seven years. To allow plaintiffs to amend the petition on the day of trial would have caused unnecessary delay and prejudice to the defendants. Therefore, if the trial court did rule on the motion, we find that the trial court did not abuse its discretion by denying plaintiffs' motion to amend the date in the pleadings on the morning of trial. Point two denied.

■ In point three, plaintiffs contend that the trial court erred in overruling their written post trial motion to amend the pleadings to conform to the evidence, pursuant to Rule 55.33(b). Rule 55.33(b) states, in relevant part: "(b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

As asserted in plaintiffs' brief, defendants failed to object to the following evidence relating to events prior to September 3, 1975: "specifically Plaintiffs' Exhibit 2 (Golden Hills Estates Plat 1), Plaintiffs' Exhibit 3 (Instrument of Dedication), Plaintiffs' Exhibit 25 (Acceptance of the Instrument of Dedication), Plaintiffs' Exhibit 31 (General Warranty Deed conveying land of Golden Hills Estates). Plaintiff Vernon Manner's testimony concerning events prior to September 2, 1975." The unobjected portion of Mr. Manner's testimony related to the contour of the land rather than defendants' activities.

The introduction of this evidence conformed with the trial court's ruling on the motion in limine, and therefore, presented no reason for defendants to object. Even if the defendants impliedly consented to the introduction of this evidence; this evidence alone does not establish any activities by the defendants.

The trial court's ruling at the motion in limine limited plaintiffs' evidence to the date in the pleadings, except that plaintiffs could introduce evidence concerning the condition of their property prior to September 3, 1975 so long as they did not address defendants' activities during that time. Plaintiffs now assert that because defendants failed to object to the introduction of certain evidence relating to events prior to September 3, 1975, they impliedly consented to the introduction of all evidence prior to said date. Thus, plaintiffs conclude that all evidence prior to September 3 should be treated in every respect as if it had been raised in the pleadings.

In *Smith v. Heisserer*, 609 S.W.2d 485, 486, (Mo.App.1980), we held that "[w]hile

... pleadings may be amended by implied consent of the parties when evidence is introduced without objection [Rule 55.33(b) V.A.M.R.] such evidence must bear only on that issue and not be relevant to an issue already in the case." [citations omitted]. Rule 55.33(b) applies to unpleaded issues; and the issue plaintiffs seek to amend, in the instant case, relates to defendants' activities on the land prior to September 3, 1975. It is clear from the record that defendants did not impliedly consent to the introduction of evidence on this issue. Point three denied.

■ The remaining point on appeal is whether the trial court erroneously directed a verdict in favor of defendants at the close of plaintiffs' case. In addressing the propriety of the directed verdict, we rule that consistent with points one, two, and three above, the sole question before the trial court was whether defendants changed the contour of their land "on or about" September 3, 1975, thereby causing damage to the plaintiffs. Thus, we properly limit our review of the evidence to conform with the question before the trial court.

Nothing in the record suggests that defendant's caused the plaintiffs' problems "on or about September 3, 1975." Additionally, even though some evidence suggests that plaintiffs may have experienced problems after September 3, 1975 nothing in the record suggests that defendants' activities was the cause. Since the plaintiffs failed to present any evidence showing a causal connection between the defendants' activities on or about September 3, 1975 and the plaintiffs' damages, we find that the trial court properly directed the verdict in favor of defendants at the close of plaintiffs' case.

Judgment affirmed.

GARY M. GAERTNER, P.J., and STEPHAN, J., concur.