**MISSOURI FARMERS ASSOCIATION, INC., Appellant,**

v.

**Bill CAMPBELL, Respondent.**

**No. 15392.**

Missouri Court of Appeals, Southern District, Division One.

July 29, 1988.

HOLSTEIN, Chief Judge.

Appellant Missouri Farmers Association, Inc. (MFA) brought an action against respondents Bill Campbell and Betty Campbell founded upon a claim for goods allegedly sold to the Campbells on an open account. Following presentation of evidence by MFA, the court sustained separate motions made by the Campbells for a directed verdict, entering judgment against MFA. On appeal, MFA complains the trial court erred in refusing to grant MFA's motion for leave to amend the petition made during trial, in sustaining the motion for directed verdict of Bill Campbell, and in failing to grant summary judgment against Bill Campbell prior to trial.[1] We affirm.

MFA's petition alleged that the Campbells purchased "certain merchandise and farm supplies, feed, seed, and/or services" from MFA. Bill Campbell filed an answer in which he stated, "said petition is not specific enough as to what is alleged to have been sold ... for Defendant to either admit or deny and therefore Defendant denies said allegations."

We deal first with the claim of MFA that the trial court's overruling of the motion for summary judgment against Bill Campbell was erroneous. Prior to trial, MFA filed a motion for summary judgment which alleged, "That defendants purchased merchandise on account from *plaintiff* between December, 1984 and May, 1985." (Emphasis added.) The motion was not sworn to by anyone. Attached to the motion for summary judgment was the affidavit of the area credit manager for MFA, swearing to the accuracy of the invoices, unpaid balance, and the reasonableness of the charges shown in the invoices during the specified period. A partial deposition of Bill Campbell was filed in which he admits having ordered or authorized the order of all the items of merchandise described in the invoices. No response was filed by Bill Campbell to the motion or the supporting affidavits.

Joanne Spears Jackson, Bussell, Hough, O'Neal, Crouch & Hall, Springfield, for appellant.

No appearance for respondent.

1. The petition named Bill Campbell and Betty Campbell, his wife, as defendants. The appeal has been dismissed as to Betty Campbell.

■ MFA is correct in stating that facts set out in affidavits filed in support of a motion for summary judgment which are not controverted by opposing affidavits are deemed admitted, even if contrary to the pleadings. *Southard Const. Co. v. Structural Systems,* 715 S.W.2d 560, 562 (Mo. App.1986); Rule 74.04(e).[2] If the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law, summary judgment must be entered forthwith. Rule 74.04(c).

■ There was one material fact not touched on in the affidavit or the portions of the deposition attached to the motion for summary judgment. Nothing in those documents establishes that the merchandise was sold to Bill Campbell by the corporate entity who is plaintiff in this case. As will appear hereafter, the evidence developed at trial showed that MFA was only "affiliated" with a separate corporate entity, the Weaubleau MFA Exchange, which actually sold the merchandise. The trial court committed no error in overruling the motion for summary judgment.

We now turn to the facts presented at trial which precipitated MFA's motion to amend its pleading. At trial held June 3, 1987, MFA called witness Steve Lear. Lear testified that he was manager of the Weaubleau MFA Exchange during 1984 and 1985. He testified that the account in question had continued for several years until May of that year, when the last item was charged to the account. He identified a group of charge tickets as the individual charges posted to the Campbell account between December 13, 1984, and May 7, 1985, and that the amount pending and still due was $4,824.02.

Other evidence indicated that the account was in the name of Bill Campbell only, that Bill Campbell had either made the purchases or authorized the purchases, that Bill Campbell and Betty Campbell handled their business separately, and that this fact was known to Lear. In addition, Lear was aware that the couple had separated and were in the process of getting a divorce during the first half of 1985.

Lear further testified:

Q: Now, at some time, Steve, did you turn this account over to the corporate office in—of MFA in Columbia?

A: Yes. They—We merged with the Bolivar Farmers Exchange, and in the merger, MFA, Inc., took over the accounts.

On cross-examination of Lear, it developed that MFA is a separate entity from the Weaubleau MFA Exchange, with whom Bill Campbell had done business.

Thereafter, MFA called Evelyn Carstens, its area credit manager, to testify. The court sustained objection to questions posed to Ms. Carstens as to whether any payment had been made to MFA after they "took over the account." The basis of the objection was that the testimony was beyond the scope of the pleadings. In response to that objection, MFA moved to amend the petition by interlineation to allege that on June 4, 1985, the assets of the Weaubleau MFA Exchange were sold, conveyed, assigned, and transferred to MFA. The trial court, referring to Rule 55.33(b), noted that amendments are to be permitted "when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits."

The attorney for Bill Campbell explained the prejudice in the following conundrum:

MR. GILCHRIST: The whole defense —I mean, the reason for a denial is—is we're denying these is (Inaudible)—the defense.

And if the—If you allow that, then you say, Your defense, what you came to Court here on to do this, or one of the defenses is framed by the pleading, you can't have that defense any more. Now, you've got to come up with something different as to this particular one as to some other type of arrangements that

you weren't aware of. That's how I say it's prejudicial.

THE COURT: Then you're saying it would prejudice you in that it would require you to defend against a different entity than the one which you came to Court prepared—

MR. GILCHRIST: Well, that's it, because the denial went to this particular Plaintiff as to what happened prior to what comes out now—and we just say they—(Inaudible)—delivered us anything. So, what you have done is you have taken our denial by allowing amendment. The issue is framed by the pleadings.

Thereafter, the court made the following ruling:

THE COURT: The Court feels that the Defendants would be prejudiced, at least—especially as far as discovery prior to trial—(Inaudible.) So the Court at this time denies your motion to amend the pleadings.

MFA claims error of the trial court in failing to permit MFA to amend. Rule 55.33(b) provides as follows:

If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

Commenting on that rule, the court, in *Chapman v. St. Louis County Bank*, 649 S.W.2d 920, 923 (Mo.App.1983), said:

The spirit of our rules is to permit amendments when justice so requires. Though the rules stress liberality in allowing amendments to pleadings, granting such leave is not mandatory. The trial court has wide discretion in granting or denying leave to amend which discretion will not be overturned on appeal unless there is an obvious and palpable abuse thereof. Determination of whether the trial court abused its discretion in granting or denying leave to a party to amend his pleading in a given case is best measured in terms of whether "justice" is subserved or subverted by the course taken. If justice is subserved it is difficult to envision an abuse of discretion. Conversely, if "justice" is subverted an abuse of discretion is readily discernable [sic]. (Citations omitted.)

■ In the instant case, MFA was in the best position to know that it was not the corporate entity which had sold the farm supplies to Bill Campbell. The attempt to amend the pleadings and offer proof of an assignment came two years after the assignment occurred and almost eighteen months after the petition had been filed. There was significant discovery in the case. Under such circumstances, a trial court does not abuse its discretion in denying a motion to amend pleadings during the course of the trial. See *Manner v. H.E.T., Inc.*, 739 S.W.2d 724, 727 (Mo.App.1987), and *Chapman v. St. Louis County Bank, supra.*

MFA's argument suggests that amending the pleadings to allege the assignment was not a "substantial amendment of its pleadings." We disagree. The failure of MFA to put Bill Campbell on notice that the claim was based upon an assignment of the account denied Campbell an opportunity to seek out and present potential defenses relating to the assignment. As a result, we cannot say with any degree of certainty that the trial court "palpably and obviously" abused its discretion.

MFA vigorously argues on appeal that justice is not subserved by a denial of its motion to amend and the harsh result that followed. MFA could have avoided the result by either pleading the assignment from the outset or, when faced with the refusal of the trial court to permit an amendment of the pleadings, seeking leave to dismiss without prejudice. See Rule 67.01. MFA's claim that the court erred in failing to permit the amendment is denied.

Finally, we consider MFA's complaint that the trial court erred in sustaining Bill Campbell's motion for a directed verdict. At the close of MFA's case, the court sustained separate motions of Betty Campbell and Bill Campbell for directed verdicts, entering a judgment against MFA on its claim. Though customarily used in jury cases, appellate courts treat a motion for a directed verdict at the close of plaintiff's evidence in a court-tried case as a motion to dismiss for failure to make a submissible case or a motion for judgment. *Hercules Const. Co. v. C.J. Moritz Co.*, 655 S.W.2d 779, 785 (Mo.App.1983). If a motion for a directed verdict is properly ruled, appellate courts will affirm the directed verdict regardless of the reasons behind the trial judge's decision. *Zahorsky v. Griffin, Dysart, Taylor, Penner*, 690 S.W. 2d 144, 155 (Mo.App.1985).

Viewing the evidence from the perspective of the pleadings and the evidence admitted in support of the pleadings, MFA failed to prove that it had sold goods to Bill Campbell for which MFA had not been paid. The evidence demonstrated the goods were sold by and under an account with another corporate entity. Thus, no submissible case was made upon the petition on an account, as pled by MFA.

The judgment is affirmed.

CROW, P.J., and GREENE, J., concur.