Keith L. **WESTERN**, Movant–Appellant,

v.

**STATE of Missouri,**
**Defendant–Respondent.**

No. 15648.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 10, 1988.

Lew Kollias, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, John M. Morris, Asst. Attys. Gen., Jefferson City, for defendant-respondent.

FLANIGAN, Presiding Judge.

Movant Keith L. Western appeals from an order denying, without evidentiary hearing, his Rule 27.26[1] motion to set aside a judgment and sentences for two offenses of burglary and two offenses of stealing. The conviction was entered on December 8, 1983, in the Circuit Court of Scott County, pursuant to a plea of guilty to each of the four charges.

Movant's sole contention is that he was entitled to an evidentiary hearing, and the trial court erred in ruling otherwise, because his motion adequately pleaded that his guilty pleas were involuntary in that movant "was not fully aware of the elements of the charged offenses, and counsel exerted pressure on him to plead guilty."

■ Appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). In order to qualify for an evidentiary hearing, movant must meet three requirements: (1) The motion must allege facts, not conclusions, warranting relief; (2) those facts must raise matters not refuted by the files and records in the case; (3) the matters complained of must have resulted in prejudice to the defendant. *Davis v. State,* 754 S.W. 2d 593[1] (Mo.App.1988).

■ The record contains a transcript of the guilty plea proceedings. That transcript refutes movant's contention that counsel exerted pressure on him to plead guilty. Thus movant, with respect to the second prong of his contention, fails to meet element (2) in *Davis.*

The contention that the pleas were tainted because movant "was not fully aware of the elements of the charged offenses" fails to satisfy element (1) and, on the record here, element (2) of *Davis.*

■ Movant's argument states that his motion raised the issue of whether he was denied effective assistance of counsel "in that the elements of the offenses to which he pleaded guilty were not fully explained to him." Movant also argues that "no one had fully explained the elements of the offenses for which he was charged." That argument seems to constitute an assertion that the trial court had a duty to inform him of the elements of the offenses.

Whether movant's argument is addressed to a claimed dereliction on the part of the court which accepted the plea or of his counsel who represented him at the plea hearing, it has no merit. "A court's duty in accepting a guilty plea is to determine whether the plea is voluntarily and freely made. See Rule 24.02. But a court is not required to explain every technical element of an offense to a defendant who pleads guilty." *State v. Acton,* 665 S.W.2d 618, 620[4] (Mo. banc 1984).

Movant's criticism of counsel also fails.

"[E]ven if movant's counsel did fail to inform him of the elements of the crime, it would not necessarily invalidate his plea of guilty. The inquiry is whether the alleged ineffectiveness of counsel vitiated the requisite understanding and voluntariness of the plea.... There is

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R. Rule 27.26 was repealed, effective Jan. 1, 1988, by order of the Supreme Court of Missouri, and new rules were adopted in lieu thereof. On the instant appeal, post-conviction relief continues to be governed by the provisions of Rule 27.26, because the sentences were pronounced prior to Jan. 1, 1988, and movant's motion under Rule 27.26 was then pending. See Rule 24.035(*l*), effective Jan. 1, 1988.

no requirement that counsel explain the technical elements of the offense, only that the defendant understand the nature of the charge.... When an accused admits in open court facts which constitute the offense, as movant did here, he cannot thereafter withdraw his plea on the assertion he did not understand the nature of the charge to which he pled guilty." (Citing authorities.)

*Byrd v. State,* 726 S.W.2d 402, 404–405[4] (Mo.App.1987).

The record of the guilty plea hearing demonstrates that movant understood the nature of the charges to which he pleaded guilty and that his pleas were voluntary.

The judgment is affirmed.

HOGAN, MAUS and PREWITT, JJ., concur.

