Jim EVANS, et al., Plaintiffs–Appellants,

v.

Kenneth BOYER, et al., Defendants–
Respondents.

No. 17263.

Missouri Court of Appeals,
Southern District,
Division Two.

April 29, 1992.

Motion for Rehearing or to Transfer
Denied May 20, 1992.

John R. LePage, M. Roger Carlin, Evenson, Carlin & LePage, Pineville, for plaintiffs-appellants.

Dwight Douglas, Douglas, Douglas, Johnson & Wood, Neosho, for defendants-respondents.

FLANIGAN, Chief Judge.

The disposition of this appeal is governed by the following principle which finds support in Missouri case law:

[A] landlord who undertakes to make repairs or improvements for the benefit of his tenant, whether he is obligated by law or by agreement with the tenant to do so, or whether he does so gratuitously, cannot relieve himself from his liability for negligence in making such repairs or improvements by employing an independent contractor to do the work; if he does employ an independent contractor who does the work so negligently as to cause injury thereby, the landlord is liable to the same extent as if he had done the work himself. The landlord, in making repairs and improvements on the demised premises, owes a duty of reasonable care to the occupying tenant which he cannot escape by placing the work with an independent contractor.

49 Am.Jur.2d, Landlord & Tenant, § 875.

This is an action for damages by plaintiffs-lessees against Kenneth Boyer,[1] defendant-lessor, for property damage and other losses incurred by plaintiffs as a result of the collapse, on December 16, 1987, of the roof on the leased building in Anderson where plaintiffs conducted a bowling alley business. The collapse occurred during the initial three-year term of the lease which commenced September 28, 1985. On December 18, 1987, defendant delivered to plaintiffs a written notice of termination of the lease. This action followed.

At the close of plaintiffs' evidence, on the third day of the jury trial, the trial court sustained defendant's motion for directed verdict. Plaintiffs appeal. Plaintiffs contend they made a submissible case and that the trial court erred in holding otherwise. For the reasons which follow, this court agrees.

On appeal by the plaintiff from a judgment entered on a directed verdict in favor of the defendant, this court will consider all of the evidence in the light most favorable to the plaintiff, accept the evidence as true where it is not entirely unreasonable or opposed to physical laws, accord to plaintiff the benefit of all favorable inferences deducible from the evidence, and reject all unfavorable inferences. *Barnett v. M & G Gas Co.*, 611 S.W.2d 370, 371 (Mo.App. 1981). A verdict directed against plaintiff will not stand unless the evidence and its favorable inferences are so strongly against plaintiff as to leave no room for reasonable minds to differ. *Id.* To similar effect see *Manner v. H.E.T., Inc.*, 739 S.W.2d 724, 726 (Mo.App.1987).

The multi-count petition set forth several theories of recovery, including breach of contract, negligence, and wrongful termination of the lease. It is unnecessary to determine the submissibility of every count for the reason that "if any one of them is valid the court erred in not submitting the case to the jury." *Arbogast v. Terminal Railroad Ass'n of St. Louis*, 452 S.W.2d 81, 83[1] (Mo.1970). To similar effect see *Boyle v. Colonial Life Ins. Co. of America*, 525 S.W.2d 811, 815[7] (Mo.App.1975). For the reasons which follow, this court holds that plaintiffs made a submissible case on negligence. The submissibility of the other alleged grounds for recovery will not be examined.

At the commencement of the term, plaintiffs entered into possession and made substantial investments, both in money and in their own labor, in installing and improving equipment and bowling alleys. Under the lease, plaintiffs had the right, on termination, to remove from the premises all

---

1. The other defendant was Faye Boyer, wife of Kenneth Boyer. She did not sign the lease. On oral argument, plaintiffs' counsel conceded that the plaintiffs made no submissible case against her. Accordingly, the portion of the judgment which dismissed the action with respect to Faye Boyer is affirmed.

machinery, apparatus and equipment installed therein, whether or not they were attached to the premises.

The lease included the following:

2. The Lessor covenants and agrees:

.        .        .        .        .

(e) That he will maintain in good repair the roof

.        .        .        .        .

(f) The Lessor further agrees to repair the existing roof and ceiling damage at his own expense within Thirty (30) days of the date of this Lease, or for an additional time, which inclimate (sic) weather may necessitate. ...

The lease gave defendant an option to terminate the lease if the building on the premises "is damaged to the extent that it is fully untenantable for the use specified." Other provisions dealt with the situation where the improvements were damaged "but not rendered wholly untenantable."

At the time the lease was executed, the roof of the building, as defendant's brief admits, was in a poor state of repair. Defendant hired a contractor, Sonny Goff, to repair the roof. Goff completed his work in the fall of 1985.

Defendant's brief admits that plaintiffs' evidence was sufficient "to establish that the proximate cause of the roof collapse was the failure of the general contractor, Sonny Goff, to locate the 'stiff leg' support beams over the interior steel posts." The evidence showed that the collapse caused major damage to plaintiffs' property inside the building.

Defendants' brief says:

The question then arises as to whether or not Mr. Boyer, as the landlord, is responsible for the alleged negligence of

the contractor who installed the roof system and the stiff legs. Respondent, Kenneth Boyer, contends that he is not vicariously liable for the negligence of the independent contractor, Sonny Goff.

Defendant's contention that he is not responsible for the negligence of Goff, the independent contractor, is unsound.

A landlord who employs an independent contractor to perform a duty which the landlord owes to his tenant to repair or maintain the leased property is subject to liability to the tenant for damage caused by the contractor's negligence in effecting the repairs or maintenance. *Bloecher v. Duerbeck,* 338 Mo. 535, 92 S.W.2d 681, 685 (1935); *Vitale v. Duerbeck,* 338 Mo. 556, 92 S.W.2d 691, 693–694 (1935); *Vitale v. Duerbeck,* 332 Mo. 1184, 62 S.W.2d 559, 560–561 (1933); *Bloecher v. Duerbeck,* 333 Mo. 359, 62 S.W.2d 553, 556–557 (1933); *Kroger Company v. Roy Crosby Company,* 393 S.W.2d 843, 845 (Mo.App.1965); *Fenton v. Hart,* 73 S.W.2d 1034, 1040 (Mo. App.1934); *Eberson v. Continental Inv. Co.,* 118 Mo.App. 67, 93 S.W. 297 (1906);[2] 49 Am.Jur.2d, Landlord & Tenant, § 875; Restatement (Second) of Property—Landlord & Tenant, § 19.1; 162 A.L.R. 1111 (Anno.—Employment of independent contractor as affecting landlord's liability for personal injury to tenant).

In *Vitale,* supra, the court said at 62 S.W.2d 560–561:

[W]hen a landlord undertakes to make repairs or improvements to his own building for his own or his own and his tenant's joint benefit, he is not relieved of liability for the negligent or defective performance of the work itself, as distinguished from a causal or collateral tort or injury inflicted during the performance of the work and incident thereto, by

**2.** Decisions in other jurisdictions supporting the principle stated above include: *Bailey v. Zlotnick,* 149 F.2d 505 (D.C.Cir.1945); *Arlington Realty Co. v. Lawson,* 228 Ala. 214, 153 So. 425, 427[6] (1934); *Brown v. George Pepperdine Foundation,* 23 Cal.2d 256, 143 P.2d 929, 930 (1943); *Golden v. Conway,* 55 Cal.App.3d 948, 128 Cal.Rptr. 69, 76[8] (1976); *Beauvais v. Springfield Institute for Savings,* 303 Mass. 136, 20 N.E.2d 957, 961 (1939); *Peerless Mfg. Co. v. Bagley,* 126 Mich. 225, 85 N.W. 568 (1901); *Wel-*

*don v. Lehmann,* 226 Miss. 600, 84 So.2d 796, 798 (1956); *Doyle v. Franek,* 82 Neb. 606, 118 N.W. 468, 469 (1908); *Russo v. Watson,* 249 A.D. 782, 292 N.Y.S. 249 (App.Div.1936); *Dalkowitz Bros. v. Schreiner,* 110 S.W. 564 (Tex.Civ.App. 1908).

*Contra: Newman v. Sears, Roebuck & Co.,* 77 N.D. 466, 43 N.W.2d 411 (1950); *Jolly Motor Livery Corp. v. Allenberg,* 188 Tenn. 452, 221 S.W.2d 513 (1949).

reason of having intrusted the work to an independent contractor. Where the work is negligently done, and thus a danger is created which inheres in the finished product accepted by the landlord, such landlord is liable irrespective of the independent status of the workman selected and employed to do that work.

Most of the foregoing cases involved personal injuries to the tenant or his invitees caused by the negligence of the independent contractor. *Eberson* involved damage to the tenant's property located on the leased premises and caused by the negligence of the independent contractor. In *Eberson*, the court said, at 93 S.W. at 299:

> The rule that the principal is not liable for the contractor's torts is inapplicable to cases where the contractor is intrusted with the performance of a duty incumbent upon his employer, and neglects its fulfillment, whereby an injury is occasioned.... The principle is universally recognized that where a duty is incumbent upon one to do a particular work, he cannot escape liability for its negligent performance by committing its execution to an independent contractor.

The foregoing language from *Eberson* is quoted with approval in *Bloecher v. Duerbeck, supra,* 62 S.W.2d at 557.

The portion of the judgment which dismissed the action with respect to defendant Faye Boyer is affirmed; all other portions of the judgment are reversed and the cause is remanded for further proceedings consistent with this opinion.

SHRUM, P.J., and MONTGOMERY, J., concur.